[Crim. No. 1641.  In Bank.—October 11, 1910.]

Ex Parte J. M. SIZELOVE, on Habeas Corpus.

CRIMINAL LAW—PROBATIONARY ORDERS—ENLARGEMENT OF TERM.—The power to modify probationary orders conferred upon the court by subdivision 4 of section 1203 of the Penal Code includes the power to enlarge the probationary term at any time before it expires.

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of Los Angeles County.

The facts are stated in the opinion of the court.

Thomson & Spencer, for Petitioner.

THE COURT.—The petitioner, on July 20, 1907, pleaded guilty to a charge of burglary, and was on that date placed upon probation under the provisions of section 1203 of the Penal Code. The term of probation was fixed at two years. Within that term he was brought before the superior court charged with a violation of his parole. This charge was dismissed but the court at the same time made an order extending the term of probation two years from July 20, 1909. In the month of June, 1910, petitioner was again brought before the court upon another charge of violating his parole at a date subsequent to July 20, 1909. Upon this charge, and after an informal hearing of the alleged facts of violation of parole, he was sentenced to a term of imprisonment in the state prison at San Quentin, and committed to the custody of the sheriff of Los Angeles, by whom he is now detained.

It is contended that the imprisonment is illegal for the reason that the court lost jurisdiction upon the expiration of the probationary term as originally fixed. We do not agree to this construction of the statute. The power to modify such orders conferred upon the court by subdivision four of section 1203 of the Penal Code includes the power to enlarge the probationary term at any time before it expires.

Writ denied.