[No. S015205. Dec. 12, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDALL LEE COOKSON, Defendant and Appellant.

**COUNSEL**

Julia Kai Barreto and Mark D. Greenberg for Defendant and Appellant.

Wilbur F. Littlefield, Public Defender (Los Angeles), Laurence M. Sarnoff and John Hamilton Scott, Deputy Public Defenders, as Amici Curiae on behalf of Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan Helfman, John T. Murphy and Sharon Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LUCAS, C. J.**—Defendant Randall Lee Cookson pleaded nolo contendere to violating Penal Code section 484b (all further statutory references, unless otherwise noted, are to this code) and was placed on three years' probation on condition, inter alia, that he pay restitution as determined by the probation department. Thereafter, the department ordered that defendant pay $12,000, and devised a monthly payment schedule. Defendant made all monthly payments as required by the department, but at the end of three years he had paid only a part of the total amount originally ordered. On motion by the department, the trial court ordered defendant's probation extended for two years to assure further restitution would be made. Defendant challenged the imposition of an additional probationary period, contending the extension was improper absent proof he had the ability to pay and willfully failed to pay. The Court of Appeal affirmed. For the reasons given below, we affirm its decision.

### I. FACTS

In 1985, Dr. Robert Slaughter paid defendant approximately $18,000 to build an addition to Slaughter's home. The addition was never made. Defendant later entered a plea of nolo contendere to one count of diverting

construction funds in excess of $1,000 (§ 484b). A presentence probation report valued the loss to Dr. Slaughter at $12,000. The court sentenced defendant to three years' probation on condition, inter alia, that he serve a ninety-day jail sentence, pay a $120 restitution fine to the probation department, and make restitution as determined by the probation officer. In fashioning its decree, the court contemplated that the amount of restitution would equal the actual loss suffered by Dr. Slaughter.[1]

One week after defendant was sentenced, the probation department set the ultimate amount of restitution at $12,000. Although the record is not entirely clear, the department at the same time apparently fixed defendant's monthly payments at $100. The payment amount was increased in September 1988 to $135 per month. Defendant made each monthly payment as required by the department, but pursuant to that schedule three years of payments amounted to only $4,085.

On the day before defendant's probation was to expire, the department filed a petition to extend his probation for two years[2] to allow continued supervised payments to Dr. Slaughter.[3] The trial court agreed to modify the terms of probation and stated: "It is my finding that . . . [the sentencing court] made two orders: that [defendant] pay restitution in an amount to be determined by the probation officer, with the manner of payment to be determined by the probation officer. [¶] It is the conclusion of this court that [defendant] has not paid restitution in the amount determined by the probation officer, and in fact owes [$7,912], and therefore is in violation of probation. . . . [¶] I'm just going to advise you . . . that were you to divide the amount of restitution owed into 23 equal parts, it would be $344 a month. I expect restitution to be paid in the full amount."

---

[1]During the sentencing hearing, the deputy district attorney commented on defendant's conduct in the charged offense and in an uncharged offense. The court then said, "$12,000?," to which the probation officer responded, "Dr. Slaughter." When the court sentenced defendant, it ordered him to pay restitution and noted, "it looks like we do have a figure concerning Dr. Slaughter. We don't have one as to the other individual. But it would be the total actual loss to the other individual."

[2]Because the maximum term of incarceration that defendant could have suffered was less than five years (§ 484b), probation could not extend past five years (§ 1203.1).

[3]One month earlier, the probation department had filed a section 1203.3 petition (revocation or modification of probation), reporting that defendant had failed to pay the full amount of restitution. At that hearing the probation officer admitted that defendant had not violated the conditions of probation. "He's paid every cent that we've asked from him. In the probation department we assumed, maybe falsely, that if we ordered somebody to pay a certain amount and they paid that but couldn't pay off full restitution, that probation would be extended. But now we find that we couldn't have—we wouldn't recommend a violation at probation hearing [sic] in this case, because he has paid everything that we've asked, according to his ability to pay." The court allowed the probation department to withdraw the petition without prejudice to filing a new petition if the department concluded defendant was in violation of probation.

Defendant appealed, claiming probation was improperly extended without proof he willfully failed to pay restitution as ordered. The Court of Appeal affirmed. It first concluded that the trial court had jurisdiction to modify the probation because defendant's inability to pay amounted to a change of circumstances. Rejecting contrary language in *People* v. *Ryan* (1988) 203 Cal.App.3d 189 [249 Cal.Rptr. 750], the court then interpreted section 1203.2 as enabling courts to modify a term of probation for nonwillful failure to pay restitution, even though such a failure would not support a revocation.

## II. DISCUSSION

■  A court may revoke or modify a term of probation at any time before the expiration of that term. (§ 1203.3.) This power to modify includes the power to extend the probationary term. (*Ex Parte Sizelove* (1910) 158 Cal. 493, 494 [111 P. 527].) Pursuant to section 1203.2, subdivision (b) (hereafter section 1203.2(b)), a court, on sufficient notice to the probationer, may "*modify*, revoke, or terminate the probation of the probationer upon the grounds set forth in [section 1203.2,] subdivision (a) if the interests of justice so require." (Italics added.) Section 1203.2, subdivision (a) (hereafter section 1203.2(a)), provides that a court "may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he or she has been prosecuted for such offenses. However, probation shall not be revoked for failure of a person to make restitution . . . unless the court determines that the defendant has willfully failed to pay and has the ability to pay."

A change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation. As we held in *In re Clark* (1959) 51 Cal.2d 838 [337 P.2d 67], "An order modifying the terms of probation *based upon the same facts* as the original order granting probation is in excess of the jurisdiction of the court, for the reason that there is no factual basis to support it." (*Id.* at p. 840, italics added.) In this case, the Court of Appeal correctly determined that a change in circumstance could be found in a fact "not available at the time of the original order," namely, "that setting the pay schedule consistent with defendant's ability to pay had resulted in defendant's inability to pay full restitution as contemplated within the original period of probation."

Defendant initially argues that "modification of probation as authorized in [section 1203.2(b)] is perfectly congruent with the power of revocation set

forth in [section 1203.2(a)]." Thus, he suggests that because section 1203.2(a) prohibits revoking probation for nonwillful failure to pay restitution, modification under section 1203.2(b) for such failure to pay restitution is also prohibited. He also contends that the trial court may modify probation only if there is a violation of the conditions of probation. For the reasons discussed below, we reject both assertions.

### A. Court's Power to Modify Probation for Nonwillful Failure to Pay Restitution

█ Defendant relies on *People* v. *Ryan, supra,* 203 Cal.App.3d 189, to support his argument that the statutory limitation on the court's power to *revoke* probation for failure to pay restitution likewise limits the court's power to *modify* probation. In *Ryan* the court said, "The period of probation may not be extended for failure to make full restitution to the victim unless said failure is willful and the defendant has the ability to pay." (*Id.* at p. 199.)

In light of the legislative history of the provision in section 1203.2(a), which bars revocation for nonwillful failure to pay restitution, we reject the *Ryan* court's conclusion. On June 30, 1983, this provision was added to the Senate version of the bill that eventually became section 1203.2. (3 Sen. J. (1983-1984 Reg. Sess.) p. 4288.) One month earlier, the United States Supreme Court decided *Bearden* v. *Georgia* (1982) 461 U.S. 660 [76 L.Ed.2d 221, 103 S.Ct. 2064] (hereafter *Bearden*). In *Bearden,* the high court held that in probation revocation proceedings based on failure to pay a fine or restitution, a sentencing court must "inquire into the reasons for the failure to pay." (*Id.* at p. 672 [76 L.Ed.2d at p. 233].) "If the probationer has *willfully refused to pay* the fine or restitution *when he has the means to pay,* the State is perfectly justified in using imprisonment as a sanction to enforce collection." (*Id.* at p. 668 [76 L.Ed.2d at p. 230], italics added.) This language closely resembles that employed by the Legislature for the first time in section 1203.2(a) when it stated that probation could not be revoked unless "the court determines that the defendant has *willfully failed to pay* and *has the ability to pay.*" (Italics added.) Because of the temporal and linguistic nexus linking the decision in *Bearden* with the Senate amendment, it appears the Legislature sought to codify the *Bearden* holding.

The *Bearden* court also stated, "If the probationer could not pay despite sufficient bona fide efforts . . . the court must consider . . . measures of punishment" other than imprisonment. (*Bearden, supra,* 461 U.S. at p. 672 [76 L.Ed.2d at p. 252].) Only if such alternative measures are inadequate to meet a state's interests in punishment may the court imprison a probationer who has made bona fide efforts to pay. The court reasoned that "To do

otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment." (*Id.* at pp. 672-673 [76 L.Ed.2d at p. 233]; see also *In re Antazo* (1970) 3 Cal.3d 100, 116 [89 Cal.Rptr. 255, 473 P.2d 999] [absent compelling state interest, imprisoning indigent defendant for failing to pay fine violates equal protection clause of Fourteenth Amendment].)

As the Supreme Court noted in *Bearden,* a state " 'is not powerless to enforce judgments against those financially unable to pay a fine.' For example, the sentencing court *could extend the time for making payments,* or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." (*Bearden, supra,* 461 U.S. at p. 672 [76 L.Ed.2d at p. 232], quoting *Tate* v. *Short* (1971) 401 U.S. 395, 399 [28 L.Ed.2d 130, 134, 91 S.Ct. 668], italics added.) The court thus contemplated that an indigent's probation might be extended if he failed to pay as required because he was financially unable to do so. (*United States* v. *Ortiz* (10th Cir. 1984) 733 F.2d 1416, 1418.) The Legislature, in codifying *Bearden,* indicated no disagreement with this aspect of the decision. We think it reasonable to conclude that the Legislature intended trial courts to have the option to do as *Bearden* suggested and, in appropriate cases, extend or otherwise modify probation.

Additionally, common sense and the policies behind our system of probation buttress this conclusion. Conditions are imposed on probation "to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (§ 1203.1.) Restitution "may serve the salutary purpose of making a criminal understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to make them whole." (*People* v. *Richards* (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97].) Thus, aside from making the victim whole, restitution serves valid punitive, deterrent, and rehabilitative objectives by requiring the defendant to return his ill-gotten gains and helping him appreciate the harm done to the victim. (See Cohen & Gobert, The Law of Probation and Parole (1983) § 6.33, p. 280.) Allowing modification of probation to facilitate the recovery of restitution as originally contemplated by the court enables the court to fashion a remedy that best serves the goals of probation.

Accordingly, section 1203.2(a) does not prohibit a court from extending a term of probation when the probationer fails to pay restitution as ordered because of an inability to pay.

## B. *Court's Power to Modify Probation Without a Prior Violation Thereof*

■ Defendant argues that section 1203.1 provides for modification of probation only if there has been a violation of the conditions of probation, that he did not violate probation, and that his probation, therefore, could not be modified. Defendant relies on *In re Stallings* (1970) 5 Cal.App.3d 322 [85 Cal.Rptr. 96], which concluded the trial court in that case "lacked the authority to extend the period of probation without a finding that the petitioner had violated a condition of probation." (*Id.* at p. 333.) Defendant rejects the notion that other bases for modifying probation exist and urges us to disapprove cases that hold to the contrary. We decline to do so.

Section 1203.1 provides, "should the probationer violate any of the terms or conditions imposed by the court in the matter, it shall have authority to modify and change any and all such terms and conditions . . . ." The statute thus vests the court with jurisdiction to modify probation if there is a violation thereof. Defendant draws from this the conclusion that a court may modify probation *only* if there is a violation. His assertion fails, however, because it does not take into consideration other statutes governing modification and the statutory scheme governing probation in general.

Two other statutes are relevant. The first is section 1203.3, which states, "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence." Next, as discussed above, section 1203.2(b) provides that a court may modify probation on the grounds listed in section 1203.2(a), which in turn provides for revocation in certain circumstances including, among others, a violation of probation.

In our view, based on the foregoing statutes and in light of the purposes of probation (§ 1203.1), the sentencing court need not await a violation of the conditions of probation before it may modify the conditions of probation. As one commentator has explained, permitting modification even absent a violation of the conditions of probation is often consistent with the flexibility necessary to achieve the rehabilitative goals of probation: "[R]equiring a court or parole board to await a violation of a condition may be disadvantageous to the probationer or parolee. After a violation has occurred the respective authorities may be disinclined to do anything other than revoke, although they might have been receptive to modification prior to the actual commission of the violation. Allowing modification even absent a violation of a release condition may therefore be in the long-term interest of the parolee or probationer." (Cohen & Gobert, The Law of Probation and Parole,

*supra*, § 7.05, at p. 360.) Our courts have taken this approach in a variety of circumstances.

For example, in *In re Peeler* (1968) 266 Cal.App.2d 483 [72 Cal.Rptr. 254], the Court of Appeal denied a petition for a writ of habeas corpus and rejected the assertion, also made here, that probation may be modified only if there were a violation of a condition of probation. After pleading guilty to possessing marijuana, the petitioner in *Peeler* was placed on probation, conditioned on serving 30 days in jail and thereafter not associating with known users of marijuana or dangerous drugs. After serving the jail term, the petitioner moved to eliminate certain conditions of probation. At the hearing on the motion, the court learned for the first time that the petitioner's husband was charged with narcotics violations. The court considered revoking probation, but instead modified it to include an additional 60 days in jail and a bar against associating with "reputed" drug users.

The petitioner unsuccessfully challenged the latter modification. The Court of Appeal stated, "Read as a whole we do not construe either the Penal Code sections covering probation or the cases . . . construing those sections to limit the power of the court to modify conditions of probation to cases in which there has been . . . a violation of the conditions of probation by the probationer thereafter. . . . [¶] . . . We have no doubt whatever that the facts before the court justified the imposition of the new conditions of probation . . . ." (*In re Peeler, supra*, 266 Cal.App.2d at pp. 490-491.)

In *People* v. *Miller* (1967) 256 Cal.App.2d 348 [64 Cal.Rptr. 20], the defendant was placed on three years' probation on condition that he make restitution as directed by his probation officer. Before probation ended, the probation officer concluded that the victim's monetary loss was greater than originally thought and that other creditors existed because the defendant had breached other contracts arising out of the same business used to commit the charged offense. The sentencing court informally ordered that the restitution payments be allocated among the victim and the other creditors. The defendant continued to make the monthly payments. Subsequently, the probation department applied for and the trial court granted an extension of probation to facilitate full payment to the victim and the other creditors. The Court of Appeal concluded the increased amount of restitution to the victim was not a modification because the probation department was operating within the scope of the original order in determining the amount due. Requiring restitution to the other creditors was a modification, but the court concluded it was appropriate because the claims arose out of the same business as the victim's claim. The court thus approved a modification absent a violation of probation.

In 1970, the Legislature amended section 1203.2 by adding subdivision (b), which provides that a court may modify probation on the grounds listed in section 1203.2(a). (Stats. 1970, ch. 333, § 1, p. 729.) Although it could be argued that the Legislature, by amending the statute, intended to overturn the interpretations detailed above and to limit the court's power to modify to the grounds listed in section 1203.2(a), we find no direct evidence of such an intent in the available legislative history. Instead it appears the Legislature added section 1203.2(b) in an effort to improve supervision of probationers by enabling law enforcement officials to petition for revocation or modification. Moreover, the language used in section 1203.2(b) does not indicate an intent to limit the court's power to modify. We also note that the Legislature did not alter section 1203.3, which broadly states the court's power to modify.

In light of the foregoing analysis, we conclude that the Legislature, by adding subdivision (b) to section 1203.2, did not intend to alter the power of courts to modify probation absent a violation of the conditions of probation. To the extent that *In re Stallings, supra,* 5 Cal.App.3d 322, is inconsistent with this opinion, it is disapproved.

### C. *Defendant's Other Arguments*

Defendant argues that equal protection requires that his restitution be fixed by a county financial evaluation officer and that due process has been violated because of the vagueness of the restitution order and because of the timing of the modification. He also argues that when the court modified his probation its order was void for failing to set the amount of restitution to fit his ability to pay. These arguments were raised for the first time in defendant's opening brief on the merits in this court. ■ As a matter of policy, we normally will not consider "any issue that could have been but was not timely raised in the briefs filed in the Court of Appeal." (Cal. Rules of Court, rule 29(b).) In his briefs in the Court of Appeal, defendant did not raise the issues of the constitutionality of the modification and the validity of the order modifying probation to require higher restitution. We therefore do not address them now.

### III. DISPOSITION

The judgment of the Court of Appeal affirming the modification of defendant's probation is affirmed.

Panelli, J., Arabian, J., Baxter, J., and George, J., concurred.

**MOSK, J.**—I dissent.

The majority acknowledge that "[a] change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation." (Maj. opn., *ante,* at p. 1095.) I agree. They go on to assert, quoting the Court of Appeal, that such a change in circumstances "could be found in a fact 'not available at the time of the original order,' namely, 'that setting the pay schedule consistent with defendant's ability to pay had resulted in defendant's inability to pay full restitution as contemplated within the original period of probation.' " (*Ibid.*) Here I disagree.

Information on defendant's economic status was available at sentencing and cannot be considered a new fact merely because the court overlooked it. The failure of full restitution cannot be attributed to any default on defendant's part; he made each and every payment required by the pay schedule. The court should have considered whether setting the pay schedule consistent with defendant's income would allow full restitution to be paid in the probation period.

The extension of a probation period must be based on a change in circumstances relevant to the defendant's ability to fulfill the terms of probation. For example, in *People* v. *Miller* (1967) 256 Cal.App.2d 348, 354 [64 Cal.Rptr. 20], the court extended the probation period to allow the defendant to make further restitution payments after it learned that he had defrauded additional creditors.[1] In *In re Peeler* (1968) 266 Cal.App.2d 483, 491 [72 Cal.Rptr. 254], the court imposed additional conditions on the defendant's probation after it became aware that she was married to, and planned to live with, a man charged with narcotics violations. Finally, in *In re Medina* (1983) 143 Cal.App.3d 562, 564 [191 Cal.Rptr. 783], the court imposed additional conditions of probation after it learned that the defendant committed another crime while free on bail, pending an appeal of the original judgment granting him probation.

In the present case, there is no change in circumstances affecting defendant's ability to make restitution. As noted, the trial court did not consider the available facts. It cannot use its own default to burden a defendant who has faithfully fulfilled the precise terms of his probation. Accordingly, its exten-

---

[1]In *People* v. *Richards* (1976) 17 Cal.3d 614, 622-623, footnote 6 [131 Cal.Rptr. 537, 552 P.2d 97], we questioned the *Miller* court's order of modification because it was made without proof that the defendant breached his contracts with the other creditors with the same fraudulent intent that formed the basis of his original theft conviction. The issue in *Richards* was whether a restitution order served a rehabilitative purpose. The opinion did not call into question the requirement that a modification order must be based on new facts.

sion of defendant's term of probation is improper. Although a change in circumstances can be found in many situations, I cannot find it here.

For these reasons, I would reverse the judgment of the Court of Appeal.

Kennard, J., concurred.