Filed 2/27/13  P. v. Munoz CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>MICAELLE MUNOZ,<br><br>　　　　Defendant and Appellant. | A136521<br><br>(Solano County<br>Super. Ct. No. VCR199303) |

Defendant Micaelle Munoz timely appealed after the trial court ordered that the terms of her probation be modified.  Her counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find no arguable issues and affirm.

On August 13, 2009, defendant pleaded no contest pursuant to a plea agreement to one count of grand theft by embezzlement (Pen. Code, § 487, subd. (a)) in connection with taking money from her employer, a Mervyn's department store, by improperly marking down items and selling them to family members over a four-month period.  The trial court placed defendant on three years' probation and ordered her to pay restitution to the department store.  Because Mervyn's declared bankruptcy and went out of business, the trial court modified the terms of probation on April 16, 2010, and ordered defendant to pay $5,000 to the victim's restitution fund.

The probation department requested in May 2012 that defendant's probation be extended to allow her to pay down the outstanding restitution-order balance, then totaling somewhere between $3,445 and $3,800.  At a hearing on August 17, 2012, the trial court

1

reduced the total amount owed by defendant to $1,000, to be directed to a Mervyn's representative through the district attorney's office, and extended defendant's probation for an additional nine months to allow time for full repayment.

No error appears in the modification of defendant's probation. A court may modify and extend probation where a defendant has been unable to pay full restitution within the original probationary period. (Pen. Code, § 1203.3, subds. (a) [power to modify probation], (b)(4) [court may modify time and manner of probation term for purpose of measuring timely payment of restitution obligations]; *People v. Cookson* (1991) 54 Cal.3d 1091, 1095.) Defendant was represented by counsel throughout the proceedings, including at the hearing where the challenged order was made.

There are no meritorious issues to be argued on appeal. The trial court's order modifying probation is affirmed.


_____
Humes, J.


We concur:


_____
Reardon, Acting P.J.

_____
Rivera, J.