Filed 4/30/14  P. v. Guzman CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B250838 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA071147) |
| v. | |
| ELIAS GUZMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael V. Jesic, Judge.  Affirmed.

_____

Richard D. Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

An information, filed on November 14, 2011, charged Elias Guzman with two counts of committing a lewd act on a child under the age of 14 years (Pen. Code, § 288, subd. (a))[1]. On February 19, 2013, Guzman entered a no contest plea to one of the counts. The trial court suspended imposition of sentence and placed Guzman on three years formal probation. The court dismissed the second count.

At a hearing on July 15, 2013, the trial court reviewed a probation report, indicating that Guzman had received two traffic infractions for driving with a suspended license. The court determined that it would not find a probation violation based on those traffic infractions but cautioned Guzman that any further infraction or misdemeanor would result in a probation violation. The probation report also indicated that Guzman was residing with the 13-year-old sister of his girlfriend, who was about the same age as the victim in this case, Guzman's niece, had been at the time of the section 288, subdivision (a), violation. Based on this information, the court ordered that Guzman "is not allowed to be unsupervised with his 13[-]year[-]old relative in his current place of residence. The order is to stay in place until the next court date." The court set a hearing date of July 29, 2013 to formally consider modifying Guzman's probation conditions.

At the July 29, 2013 hearing, Guzman's probation officer testified that he was concerned that Guzman was residing with the 13-year-old sister of Guzman's girlfriend, who was about the same age as the victim had been at the time of the section 288, subdivision (a), violation. In addition, Guzman had yet to complete the sex offender treatment program ordered as part of probation, and the last progress report indicated that Guzman "needs to increase his participation." Guzman's girlfriend testified that Guzman had moved into her parents' house in February 2013 after being released from jail and lived in the house with her, their two children, ages three years and eight months, her 13-year-old sister, two adult sisters and her parents. The girlfriend said that Guzman worked six nights a week and that another adult usually is present when Guzman is in the home. She testified that Guzman's income paid for the rent they gave to her parents for

---

[1]     Statutory references are to the Penal Code.

living in the house and that requiring him to have a separate residence would place a financial burden on the family. Based on the testimony, the court ordered that Guzman "is not to reside with any minor children until [a] sexual education program is completed. [Guzman] is not to live with any minor children that are not his children while on probation. [Guzman] is to move out of his current residence by August 5, 2013." The court reasoned, Guzman is "not to live in a home with children at all until he is done with the sex offender treatment program. So once he's done with the sex offender treatment program he can live in the home with his natural children. He can have supervised visits with them only if the mother is present until he's done with the sex offender program. However, as to the 13-year-old, he is not allowed to reside in that home during probation."

On August 21, 2013, Guzman filed a notice of appeal, indicating that he was appealing "from an improper modification of probation to wit being ordered to move to a separate residence and have restricted visitation with his children . . . ." In his appellate briefs, Guzman contends that the modification of probation violated his contract and due process rights. We disagree that the modification of probation was improper and thus affirm the order.

## DISCUSSION

"During [a] probationary period, the [trial] court retains jurisdiction over the defendant [citation], and at any time during that period the court may, subject to statutory restrictions, modify the order suspending imposition or execution of sentence [citation]." (*People v. Howard* (1997) 16 Cal.4th 1081, 1092.) Under section 1203.3, subdivision (a), after the court suspends imposition of sentence and places a defendant on formal probation, it "shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence." Although the court cannot "modify a condition integral to the granting of probation in the first place—a negotiated condition included within the plea agreement entered into by the parties, accepted by the court, and incorporated into the judgment," it retains "authority pursuant to section 1203.3 to revoke, modify, or change probation or

3

modify conditions that were not made a part of the parties' plea agreement." (*People v. Segura* (2008) 44 Cal.4th 921, 936.)  In line with this authority, modifications to probation during the term of probation are based on "[a] change in circumstances." (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095.)

According to the evidence at the July 29, 2013 hearing, when Guzman was released from jail pursuant to the terms of his plea agreement and the grant of probation in February 2013, he moved into the home of his girlfriend's parents.  The issue of where he would live upon release from jail was not discussed in connection with his plea agreement or the grant of probation.  As a result, at the time the trial court originally made conditions of probation, it was unaware of Guzman's prospective plans for his living arrangements.  During the term of probation, when Guzman was brought into court based on two traffic infractions, the issue of his living arrangements was discussed because his probation officer had expressed concern that Guzman was living with a 13-year-old girl, who was about the same age as the victim of the section 288, subdivision (a), violation.  Guzman also was living with his own two young children before having completed a sex offender treatment program and was reported to require increased participation in that program.  Based on this evidence, the court modified the conditions of probation to require Guzman to move from the home he occupied and not reside with his two children until completing the sex offender treatment program and not reside with any children other than his own for the duration of probation.  Given the nature of Guzman's conviction and the fact that his living arrangements were not a condition of his plea agreement, thereby constituting "[a] change in circumstances," the court acted within its jurisdictional authority by modifying the condition of probation requiring Guzman to live apart from his own two children until completion of a sex offender treatment program and apart from any children other than his own for the duration of probation. (*People v. Cookson*, *supra*, 54 Cal.3d at p. 1095.)[2]

---

[2]    Guzman requests that we enforce the terms of his plea agreement or, in the alternative, permit him to withdraw the plea.  As noted, because Guzman's living arrangements were not a negotiated condition of the plea agreement, the modification of

4

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.

MILLER, J.*

---

the conditions of probation to require him to move from the home he occupied does not violate the terms of the plea agreement. Permitting Guzman to withdraw his plea is not an option at this stage. Guzman's appeal is from the order modifying the conditions of probation and not an appeal from the underlying judgment. Moreover, although Guzman's counsel states in the appellate briefs that Guzman would not have accepted the plea agreement had he known that he would not be permitted to live in the home with his girlfriend, such statement is self-serving and not part of the appellate record. Should Guzman have "independent, objective evidence" that he would not have accepted a plea agreement of three years formal probation with the living-arrangement condition imposed by the trial court, while facing a maximum sentence of eight years for the two charges pursuant to section 288, subdivision (a), he may file a petition for writ of habeas corpus. (*In re Alvernaz* (1992) 2 Cal.4th 924, 930, 945.)

*        Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.