Filed 9/15/14  P. v. Adkisson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY W. ADKISSON,<br><br>    Defendant and Appellant. | A140321<br><br>(Napa County<br>Super. Ct. No. CR155130) |

Defendant Gary W. Adkisson was ordered to pay over $2 million in direct victim restitution after pleading no contest to felony counts arising from his involvement in a fraudulent investment scheme.  He appeals from an order modifying his probation to require that he apply a tax refund he later received to the previously ordered restitution.  His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

## I.  BACKGROUND

John Stewart managed an investment fund known as Cornerstone Income Fund.  After soliciting money from several individuals, he invested the proceeds into defendant's business, Pro-Action Concepts, which purportedly was developing medically based fitness centers throughout the country.  When the investors were advised their money had been lost, the matter became the subject of a criminal investigation and the

Napa County District Attorney filed a complaint charging defendant and Stewart with multiple felony counts.

On May 17, 2011, defendant entered a no contest plea to grand theft (Pen. Code, § 487, subd. (a)), making a misleading statement in the offer or sale of a security (Corp. Code, § 25401), theft from an elder (Pen. Code, § 368, subd. (d)), offer or sale of an unregistered security (Corp. Code, § 25110), and operation of a scheme or artifice in the sale of a security (Corp. Code, § 25541). He admitted the amount of the loss in connection with two of the counts exceeded $500,000. (Pen. Code, § 186.11, subd. (a)(2).) Under the terms of the plea agreement, the court would impose an aggregate term of 13 years, four months in prison, but suspend execution of that sentence and place defendant on probation conditioned on his serving one year in the county jail and paying direct victim restitution in an amount totaling $2,763,000.[1]

At the sentencing hearing held August 5, 2011, the court placed defendant on probation as called for under the plea agreement and ordered him to pay $2,763,000 in restitution proportionately to all victims. On December 3, 2012, the court ordered defendant to make monthly restitution payments of $250 to the Cornerstone Victims' Association. On July 25, 2013, the probation department filed a petition to modify the terms of probation based on defendant's receipt of a tax refund from the years 2005-2007, of which his share was $58,191.19. The probation officer indicated defendant was willing to increase his monthly restitution payments to $1000, and recommended the court order the modification. The prosecutor filed a response urging the court to order defendant to pay the full $58,191.19 to the victims.

The court ordered the funds from the tax return frozen. After hearing argument, it issued an order requiring those funds to be released from the frozen bank account and paid to the Cornerstone Victims' Association. Defendant appeals this order.

---

[1] Codefendant Stewart also entered a plea and was ordered jointly and severally liable for the full amount of restitution. He is not a party to this appeal.

## II. DISCUSSION

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note appointed counsel has filed a *Wende/Anders* brief raising no issues and defendant, having been advised of his right to file a supplemental brief, has not filed one. We have independently reviewed the entire record for potential error and find none.

California crime victims have a constitutional and statutory right to receive full restitution for economic losses suffered as a result of a defendant's criminal conduct. (Cal. Const., art. I, § 28, subd. (b)(13); Pen. Code, § 1202.4, subds. (a)(1), (a)(3)(B) & (f).) When a defendant is placed on probation, restitution is authorized as a condition of probation. (Pen. Code, § 1203.1, subd. (a)(3); *People v. Anderson* (2010) 50 Cal.4th 19, 27.) A court may modify a probation condition in the absence of any probation violation so long as there is a change in circumstances. (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095-1096.) The trial court did not abuse its discretion in modifying defendant's probation by directing him to pay the amount of his tax refund toward the previously ordered victim restitution. (See *People v. Balestra* (1999) 76 Cal.App.4th 57, 63 [abuse of discretion standard].)

It does not matter whether the money from the tax refund had any connection to the crimes in this case. "[A] defendant's obligation to pay restitution is a general obligation and not one limited to the value of assets and property connected with the crime." (*People v. Semaan* (2007) 42 Cal.4th 79, 87.)

We are satisfied defendant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

## III. DISPOSITION

The judgment is affirmed.

_____
NEEDHAM, J.

We concur.

_____
JONES, P.J.

_____
SIMONS, J.