Filed 12/22/21  P. v. Silveira CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JEREMIAH JACOB SILVEIRA,<br><br>     Defendant and Appellant. | E076952<br><br>(Super.Ct.No. FVI20003159)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Camber, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

I

INTRODUCTION

Defendant and appellant Jeremiah Jacob Silveira was caught accessing and storing child pornography. Pursuant to a plea agreement, defendant pleaded no contest to one count of possession of child pornography (Pen. Code,[1] § 311.11, subd. (a)). In return, defendant was placed on supervised probation for a period of 36 months on various terms and conditions. On appeal, defendant contends the trial court erred by modifying his probationary terms and conditions after sentencing because there was no change in circumstances to justify a modification. We disagree. We find a change in circumstances and affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND[2]

Following several months of investigation, in October 2020, officers searched defendant's electronic devices and found numerous photos and videos of child pornography on his devices. The videos were of prepubescent females, appearing to be under the age of 10, engaging in various sexual acts with adult males.

On November 3, 2020, a felony complaint was filed charging defendant with one count of possession of child pornography (§ 311.11, subd. (a)).

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] A summary of the factual background is taken from the police report.

2

On March 3, 2021, at a pre-preliminary hearing,[3] defendant pleaded no contest to possession of child pornography (§ 311.11, subd. (a)).  In exchange, defendant was promised a grant of probation for a period of three years on various terms and conditions, including 210 days in jail with credit for 12 days and the balance on work release.  Defendant thereafter waived the preparation of the probation report and requested to be sentenced immediately.  Prior to being sentenced, the court informed defendant that it was going to refer him to probation for a Static-99 report and that defendant would have to return to court on April 1, 2021, to address that report.  Defendant indicated that he understood and agreed to return to court on April 1.  The court then sentenced defendant in accordance with the plea agreement and placed him on probation upon "the terms and conditions of probation that [he] went over with [his] lawyer."  Those terms were set forth in the executed felony terms and conditions of probation form attached to defendant's plea form.

On March 22, 2021, the probation department filed a report with the court.  In the report, the probation officer noted that defendant was ineligible for a Static-99 evaluation because his conviction involved child pornography with an unidentifiable victim.  The probation officer, however, noted that "not all appropriate terms and conditions were given, since the defendant will be supervised by the Sex Offender Unit."  The probation officer thus added additional sex-offender related terms and conditions of probation.

---

[3] Defendant had waived time for the preliminary hearing to March 15, 2021.

At the April 1, 2021 hearing, the trial court observed that the parties were present "just for terms and conditions." Defense counsel disagreed, arguing the hearing was "just for the Static 99," and that the additional terms and conditions the probation department had added "were not agreed to up front in the plea bargain process." Defense counsel requested a continuance in order to reach out to probation to ensure defendant was "not given multiple different terms to confuse him and set him up for failure." The court agreed to a continuance, noting that the matter had been discussed in chambers. The court concluded by taking the additional terms requested by the probation department "under submission" and set another hearing for April 22, 2021.

At the April 22, 2021 hearing, after defense counsel noted the hearing was set for "modification of terms and conditions" of probation, the trial court noted, "I think it's still sentencing." The prosecutor agreed, stating "I think we're still on for sentencing." Defense counsel replied, "Okay." The court then stated that it would continue the hearing because defendant's assigned public defender, who had represented defendant at the time of his plea, was not present and another public defender was appearing for her. The court noted that the matter had been discussed in chambers with the parties and advised defendant that he would be given an opportunity to discuss the additional terms and conditions requested by probation with his assigned public defender to determine whether he wished to accept them or withdraw his plea. The court admonished defendant that at the next hearing, "you will decide, either we finish the sentencing or you withdraw

4

your plea and we'll start." Defendant agreed and, with approval from his counsel, waived his right to be sentenced until the next hearing scheduled.

At the April 26, 2021 further hearing, defendant's counsel objected to the additional terms and conditions on the grounds that defendant had been sentenced at the time of his plea on March 3, 2021,[4] and there were no changed circumstances justifying modifying the "agreed upon plea and terms." Defense counsel also argued that there was no nexus to warrant the additional terms. However, defendant did not withdraw his plea and his counsel indicated that defendant would accept the terms "over objection based on [the] conference of what [the court would be] striking."

Citing *People v. Smith* (2007) 152 Cal.App.4th 1245, 1249, the court observed that it had "broad general discretion to fashion and impose additional probation conditions that are particularized to the defendant." The court then went through the additional terms and conditions, noting the ones for which there was an agreement to strike and those which it declined to impose. Ultimately, the court imposed 10 additional sex-offender related conditions and struck six other conditions recommended by probation. Defendant timely appealed.

---

[4] Stated by defense counsel incorrectly as "March 30."

5

III

DISCUSSION

Defendant contends the trial court impermissibly modified his terms and conditions of probation on April 26, 2021, since there had been no change of circumstances following his March 3, 2021 sentencing. The People argue that the trial court had partially sentenced defendant on March 3 and defendant had agreed to a continuance of his sentencing hearing in order for the court to obtain a Static-99 evaluation from probation. The People thus believe the court had jurisdiction to modify defendant's probation to add the sex-offender related conditions two months later. We need not decide whether defendant had been sentenced on March 3 or April 26, because we find a change in circumstances justifying the modification of defendant's terms and conditions of probation.

A trial court has broad discretion to impose terms and conditions of probation, "particularly where those terms are intended to aid the probation officer in ensuring the probationer is complying with the fundamental probation condition, to obey all laws." (*People v. Balestra* (1999) 76 Cal.App.4th 57, 69.) Section 1203.3, subdivision (a), states, "The court has the authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence." This section "broadly states the court's power to modify." (*People v. Cookson* (1991) 54 Cal.3d 1091, 1100 (*Cookson*).) A defendant is subject to notice, a hearing, and reasons

6

for the modification to be placed on the record before the modification.  (§ 1203.3, subd. (b).)

A court can modify a term of probation at any time before the expiration of that term and need not wait until a probation violation occurs.  (*Cookson*, *supra*, 54 Cal.3d at p. 1095, citing § 1203.3; see *People v. Leiva* (2013) 56 Cal.4th 498, 504-505.)  However, "[a] change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation."  (*Cookson*, at p. 1095.)  "'An order modifying the terms of probation *based on the same facts* as the original order granting probation is in excess of the jurisdiction of the court, for the reason that there is no factual basis to support it.'"  (*Ibid*.; accord, *People v. Medeiros* (1994) 25 Cal.App.4th 1260, 1263.)

Here, the modification was not based upon the same facts as the original order granting probation, but upon new facts brought to the attention of the court by the probation department.  When defendant originally entered his nolo contendere plea, he also waived his right to have a probation report prepared prior to sentencing.  Defendant, however, agreed to report to probation for a Static-99 evaluation and return to court on April 1.  A Static-99 evaluation guides the court's discretion concerning whether to impose probation for sex offenders and under what probationary terms and conditions.

(See § 1203, subd. (b)(2)(C)[5] & 1203, subd. (b)(3)[6].)  Thus, defendant's probationary terms and conditions were conditional at that time.  In other words, defendant's grant of probation and/or the terms of his probation were conditioned upon the Static-99 report.

Before the conclusion of the change of plea hearing, defendant was placed on probation without the benefit of the probation department's Static-99 report.  The probation department found a Static-99 report was not appropriate in this case because defendant, although having committed a qualifying offense and subject to sex offender registration, was nevertheless ineligible because the victims could not be identified.  The probation department, however, learned that "not all of the appropriate terms and conditions were given, since the defendant will be supervised by the Sex Offender Unit."  The probation department thus requested that additional conditions be added.

---

[5] Section 1203, subdivision (b)(2)(C), provides:  "If the person was convicted of an offense that requires that person to register as a sex offender pursuant to Sections 290 to 290.023, inclusive, or if the probation report recommends that registration be ordered at sentencing pursuant to Section 290.006, the probation officer's report shall include the results of the State-Authorized Risk Assessment Tool for Sex Offenders (SARATSO) administered pursuant to Sections 290.04 to 290.06, inclusive, if applicable."

[6] Section 1203, subdivision (b)(3), provides:  "At a time fixed by the court, the court shall hear and determine the application, if one has been made, or, in any case, the suitability of probation in the particular case.  At the hearing, the court shall consider any report of the probation officer, including the results of the SARATSO, if applicable, and shall make a statement that it has considered the report, which shall be filed with the clerk of the court as a record in the case.  If the court determines that there are circumstances in mitigation of the punishment prescribed by law or that the ends of justice would be served by granting probation to the person, it may place the person on probation.  If probation is denied, the clerk of the court shall immediately send a copy of the report to the Department of Corrections and Rehabilitation at the prison or other institution to which the person is delivered."

At the time defendant entered his plea and was placed on probation on March 3, 2021, there was no probation report or insight from the probation department that defendant would be supervised by the Sex Offender Unit. Little or nothing was also known about whether defendant was eligible "to be scored on the Static-99R under the official coding rules of the Static-99R" at the time of the March 3 hearing. When the fact that defendant would be supervised by the Sex Offender Unit and defendant's probationary terms and conditions failed to include sex-offender related terms, the probation department requested that the additional terms and conditions be added.

Whether or not this information may have been available to the prosecution at the time the parties waived a probation report is not relevant to this issue. Rather, what is relevant is the fact that the trial court did not have information concerning what probation unit would supervise defendant and whether defendant was eligible to be evaluated for a Static-99 report at the time it originally granted probation. The trial court only learned of this information on March 22, 2021, prior to the April 1 hearing which defendant agreed to attend following his Static-99 evaluation. At the April 1 hearing, the court had new information from which it could legally exercise its jurisdiction and its discretion to modify the terms of defendant's probation to include the sex-offender related terms and conditions.

Indeed, under defendant's interpretation of the trial court's discretion to modify the conditions of probation, a court would automatically lose the discretion to modify a condition of probation in every case in which the parties failed to bring every relevant

9

fact concerning a defendant which could have been known at the time of sentencing. Such a rule would unduly limit the trial court's broad authority to impose reasonable probation conditions.

The court properly ordered conditions it found reasonably related to ensure defendant's compliance and rehabilitation. (See *People v. Olguin* (2008) 45 Cal.4th 375, 379; § 1203.1, subd. (j).) The trial court was justified in modifying the terms of defendant's probation by adding the sex-offender related terms.

## IV

## DISPOSITION

The trial court's order modifying the conditions of defendant's probation is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

MILLER

J.

10