Filed 1/27/25  P. v. Pursell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C100804 |
| Plaintiff and Respondent, | (Super. Ct. No. 21F4958) |
| v. | |
| STEPHEN MARK PURSELL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Stephen Mark Pursell filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in an outcome more favorable to defendant and affirm the judgment.

## I.  BACKGROUND

In July 2021, defendant pushed his 80-year-old mother during an argument, causing her to fall.  She suffered a femoral neck fracture requiring surgery.  Defendant

1

was charged with elder abuse (Pen. Code, § 368, subd. (b)(1)—count 1),[1] and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)—count 2). For both counts, it was alleged that defendant personally inflicted great bodily injury on the victim who was 70 years of age and older (§ 12022.7, subd. (c)). The court issued a domestic violence criminal protective order under section 136.2.

In August 2021, defendant pled no contest to count 2 and admitted the great bodily injury enhancement in exchange for probation with credit for time served to the date of sentencing and dismissal of the remaining charges. The parties stipulated to the police report as the factual basis for the plea, and defendant entered an *Arbuckle* waiver.[2]

In October 2021, the trial court suspended imposition of sentence and placed defendant on three years' formal probation with various terms and conditions, including 164 days in county jail with credit for time served, that he participate in and successfully complete an approved one-year batterer's treatment program, that he obey the instructions of the probation officer, that he keep the probation department informed of his residence, contact information, and employment, that he report any changes in residence to the probation department, and that he violate no laws. The court issued a three-year protective order on behalf of defendant's mother. The trial court imposed a $300 restitution fine (§ 1202.4), a $300 probation revocation restitution fine, which was stayed pending successful completion of probation (§ 1202.44), among other fines and penalty assessments.[3]

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Arbuckle* (1978) 22 Cal.3d 749.

[3] The court imposed a $200 base fine (§ 672), a $200 state penalty assessment (§ 1464, subd. (a)), a $20 DNA penalty assessment (Gov. Code, § 76104.6), an $80 DNA penalty assessment (Gov. Code, § 76104.7), a $100 state court facilities construction fee (Gov. Code, § 70372, subd. (a)(1)), a $140 county penalty assessment (Gov. Code, § 76000,

In November 2021, probation filed a petition for revocation alleging that on October 19, 2021, defendant was provided a travel pass to attend Jordan's Crossing residential treatment and was reminded that if he left the program, he had to contact the probation department immediately to provide his whereabouts. Defendant left the treatment program and failed to notify the probation department of his whereabouts or address. The petition alleged defendant violated his probationary conditions requiring him to obey the probation officer's instructions and to keep the probation department informed about his residence.

In January 2022, defendant admitted the alleged probation violation. The following month, in February 2022, the probation officer reported that during an earlier mental health evaluation, defendant stated he was ambivalent to receiving mental health support and expressed apprehension about receiving psychotropic intervention. Defendant was later unable to complete his behavioral health court evaluation due to increased anxiety and related health issues. He was subsequently denied behavioral health court and referred for a supplemental probation report. According to the supplemental report, defendant's attempt to comply with court-ordered supervision was "marginal," he continued to decline the services that were available or was denied entry into multiple programs, and probation did not believe defendant would be able to successfully attend and complete the court-ordered batterer's treatment program. Probation therefore recommended that defendant's probation be revoked and terminated and that he be sentenced to state prison.

In August 2022, the trial court revoked and reinstated probation on the condition that defendant serve nine days in custody, which was deemed time served. The trial court also extended probation to June 4, 2025, and, among other things, ordered defendant to

subd. (a)(1)), a $40 state criminal fine surcharge (§ 1465.7, subd. (a)), a $40 court security assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

be assessed by the Shasta County Mental Health Department and to comply with its directives.[4]

In October 2022, a second petition for revocation of probation was filed alleging defendant failed to report to probation as directed. In January 2023, a third petition to revoke probation was filed alleging that defendant failed to successfully complete and was terminated from the one-year batterer's treatment program.

Following a contested revocation hearing in September 2023, the trial court sustained the allegations in both the October 2022 and January 2023 probation revocation petitions. The court revoked probation and ordered a supplemental probation report.

In October 2023, the date set for judgment and sentencing on the probation violations, defense counsel declared a doubt as to defendant's competence to stand trial, and the trial court suspended criminal proceedings. After multiple psychological evaluations, the trial court found that defendant was not competent and was unable to assist counsel in preparing for his defense. In December 2023, defendant was committed to the Department of State Hospitals for competency treatment. While at Napa State Hospital, defendant was diagnosed with schizoaffective disorder.

In February 2024, defendant was restored to competence and criminal proceedings were reinstated. The following month, in March 2024, defense counsel requested that the court reinstate defendant on probation, or, alternatively, sentence defendant to prison with execution of sentence suspended so that he could complete the previously ordered batterer's treatment program.

---

[4] Section 1203.3 authorizes a trial court at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. (§ 1203.3, subd. (a).) A trial court's power to modify a condition of probation during the probationary period "includes the power to extend the probationary term." (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095.)

The trial court declined to reinstate defendant on probation and sentenced him to the midterm of three years for the assault and a consecutive five years for the great bodily injury enhancement.[5]  Defendant's total aggregate sentence was eight years in state prison.  The court awarded defendant 243 days of actual credit, plus 36 days of conduct credit for 279 total credit days.  Probation having been revoked, the court lifted the stay on the $300 probation revocation restitution fine (§ 1202.44) and imposed a $300 parole revocation restitution fine, which was stayed pending successful completion of parole (§ 1202.45).

Defendant timely appealed.

## II.  DISCUSSION

Appointed counsel filed an opening brief pursuant to *People v. Wende, supra*, 25 Cal.3d 436.  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an independent examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

---

[5]  The trial court declined to impose the upper term as recommended by probation.

We concur:

/S/

_____

ROBIE, Acting P. J.


/S/

_____

FEINBERG, J.