Filed 11/3/25  P. v. Holston CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C102062 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CR0785) |
| v. | |
| THERON KENNETH HOLSTON, | |
| Defendant and Appellant. | |

The trial court placed defendant Theron Kenneth Holston on probation after he pled no contest to possession of a controlled substance with a prior and failure to register as a sex offender.  Seven weeks later, the court added an electronic monitoring condition.  Holston contends the trial court exceeded its jurisdiction by adding an electronic monitoring condition without changed circumstances justifying the modification.  Accordingly, he requests we strike the electronic monitoring condition.

1

We asked the parties to file supplemental briefing addressing whether Holston's original sentence was unauthorized given the state of the record. Having reviewed this briefing, we conclude Holston's original sentence was unauthorized, and thus the trial court had jurisdiction to later impose an electronic monitoring condition that was mandatory absent specified findings not made in this case. Accordingly, we will affirm.

BACKGROUND

On April 3, 2024, Officer Robert Frank saw Holston, whom he recognized, walking on Placerville Drive. A records check confirmed Holston had not registered monthly as required of a transient sex offender registrant. Officer Frank placed Holston under arrest, and during the search incident to arrest that followed, found a baggie of methamphetamine and glass pipes in Holston's pockets.

Following a preliminary hearing, the People filed an information charging Holston with possession of a controlled substance with a specified prior conviction (Health & Saf. Code, § 11377, subd. (a); count 1); failure to register as a sex offender (Pen. Code, § 290.011, subd. (a); count 2),[1] and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 3). The information further alleged several factors in aggravation.

On July 12, 2024, Holston resolved the case by pleading no contest to counts 1 and 2 and admitting the aggravating factor that he had performed unsatisfactorily on probation. In exchange, Holston would receive two years of formal probation with a suspended sentence. Whether Holston would be subject to electronic monitoring does not appear on the plea waiver form or in the reporter's transcript of Holston's change of plea. The remaining count and aggravating factors were dismissed in light of Holston's plea. The parties stipulated the factual basis for the plea would be the preliminary

---

[1] Undesignated statutory references are to the Penal Code.

hearing transcript and a police report. The trial court granted Holston's request to be sentenced the following week.

On July 15, 2024, the trial court sentenced Holston in accordance with this plea and without the benefit of a probation report. The court also imposed various terms and conditions of probation, which did not include electronic monitoring, although the possibility of such condition was acknowledged. Specifically, Holston "wanted to make sure that there was no electronic monitoring being specifically ordered" and the court responded, "That is not a request that has been made, but depending on what Probation orders, since he is a 290, that may be a reasonable term that is related to probation. . . . [¶] . . . [¶] The Court has not ordered it as of this time." Holston then inquired concerning "what the Court would need to find that electronic monitoring is unnecessary," and the court responded, "The Court is not going to give any indication on that because that's a question that is likely to come before this Court, so I'm not going to prejudge that matter. If it comes before this Court, the Court will make the appropriate determination based on what I have before me at that time."

On July 30, 2024, the probation department wrote the trial court recommending the modification of Holston's probation terms to include an electronic monitoring condition. Holston's 2019 risk assessment (Static-99R) by the Department of Corrections and Rehabilitation (CDCR) placed him at above average risk level, under section 1202.8, subdivision (b), required an electronic monitoring condition unless the court determined such condition was unnecessary for that individual. The court ordered the probation department to notify Holston of this request and upcoming hearing.

On August 30, 2024, the trial court held a hearing on probation's section 1202.8 request. Holston's attorney was present but informed the court that "[m]y part was closed." When asked if probation wanted to offer more information, the probation department stated: "Just to refer the Court to Mr. Holston's previous performance on supervision, and the numerous violations that he incurred, you know, last time he was on

3

supervision through Parole.  And then we also conducted a Static Risk Assessment on Mr. Holston that also came back as high risk to re-offend—other than the Static-99 score that CDCR also performed."  Holston asked for a hearing under section 1202.8, subdivision (b), to establish that electronic monitoring was unnecessary, which the trial court denied. The court stated it was granting probation's request to modify the conditions to include electronic monitoring.  The court informed Holston he could accept probation under the modified terms or the court could sentence him to the maximum term of three years.  The court confirmed Holston could not withdraw his plea and would be allowed to appeal the modification order.  Holston accepted the modified terms subject to appeal and timely appealed the court's order.  The trial court did not rule on his request for a certificate of probable cause.

## DISCUSSION

Holston contends the trial court acted in excess of jurisdiction when it modified his probation mere weeks after sentencing to include an electronic monitoring condition without a change of circumstances.  For the reasons we shall explain, we disagree.

"At any time during the probationary period, a trial court has the authority to modify the terms of probation.  (§ 1203.3, subd. (a).)  However, '[a] change in circumstances is required before a court has jurisdiction to . . . modify probation.' (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095.)  As the Supreme Court held in *In re Clark* (1959) 51 Cal.2d 838, '[a]n order modifying the terms of probation based upon the same facts as the original order granting probation is in *excess* of the jurisdiction of the court, for the reason that there is no factual basis to support it.' (*Id*. at p. 840, italics added; see *People v. Leiva* (2013) 56 Cal.4th 498, 505.)  In this context, a 'change in circumstance' requires 'a fact "not available at the time of the original order." ' (*Cookson*, *supra*, at p. 1095.)  Thus, a modification order based upon the same facts as the original order is improper because 'the court [has] reached a different conclusion based upon the same facts.' " (*People v. Roger*s (2024) 106 Cal.App.5th 88, 92-93.)

4

Here, the trial court imposed the additional condition of probation approximately seven weeks after it placed Holston on probation. As justification for the modification, the probation department referenced the CDCR Static-99R assessment, Holston's poor performance on previous supervision, and an unspecified static risk assessment performed by the probation department. The People rely on the probation department's static risk assessment to argue changed circumstances justified the trial court's modification order. However, the probation department's amorphous statement did not disclose which static risk assessment was performed or when. The only static risk assessment contained in the appellate record was a "VPRAI assessment" mentioned in Holston's pretrial services report. This assessment thus predated his original sentencing.

Nonetheless, we find Holston's jurisdictional challenge fails for a different reason. Given Holston's score on the CDCR Static-99R assessment, the trial court was required to impose an electronic monitoring condition absent specified findings not made. (§ 1202.8, subd. (b).) Section 1202.8, subdivision (b) states in pertinent part: "[E]very person who has been assessed with the State Authorized Risk Assessment Tool for Sex Offenders (SARATSO) pursuant to Sections 290.04 to 290.06, inclusive, and who has a SARATSO risk level of high shall be continuously electronically monitored while on probation, unless the court determines that such monitoring is unnecessary for a particular person."

Contrary to Holston's suggestion otherwise, the trial court's statements at the original sentencing do not support an implied finding that electronic monitoring was unnecessary. Rather, the court specifically responded to Holston's inquiry concerning electronic monitoring by stating: "That is not a request that has been made, but depending on what Probation orders, since he is a 290, that may be a reasonable term that is related to probation. . . . [¶] . . . [¶] The Court has not ordered it as of this time." Further, the court declined to comment on what would be required to show that electronic monitoring was unnecessary, stating: "The Court is not going to give any indication on

5

that because that's a question that is likely to come before this Court, so I'm not going to prejudge that matter.  If it comes before this Court, the Court will make the appropriate determination based on what I have before me at that time."  It is therefore clear the trial court did not decide this issue.

Moreover, the trial court's refusal at the original sentencing to determine whether electronic monitoring was unnecessary, and its attendant failure to impose this mandatory term in the absence of such finding, resulted in a legally unauthorized sentence.  (*People v. Cates* (2009) 170 Cal.App.4th 545, 552.)  The trial court was therefore obligated to correct the sentence by adding the mandated probation term when the unauthorized nature of the sentence came to light.  (*Ibid*.)  "An unauthorized sentence is ' "subject to judicial correction when it ultimately [comes] to the attention of the trial court or [reviewing] court" ' " and therefore, the trial court had jurisdiction to modify Holston's sentence to include the electronic monitoring condition regardless of whether there was new information supporting that modification.  (*Ibid*.)  Thus, this court has jurisdiction to consider the propriety of that decision.  (§ 1237, subd. (b).)

DISPOSITION

The judgment is affirmed.

/s/

BOULWARE EURIE, J.

We concur:

/s/

MAURO, Acting P. J.

/s/

MESIWALA, J.

6