[Crim. No. 569.   Third Appellate District.—June 8, 1921.]

In the Matter of the Application of P. J. BALLAS for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—CONVICTION OF FELONY—JURISDICTION — HABEAS CORPUS.—The courts of this state have never made a practice of releasing persons convicted of felonies through the writ of *habeas corpus* in the absence of a clear and unquestionable showing upon the face of the record of the case that the court in which the conviction was had was wholly without jurisdiction to try the accused for the offense charged and of which he had been convicted; but where it plainly or undebatably appears upon the face of the record of conviction that there was a lack of jurisdiction to try the accused, there would be no serious objection to releasing the accused through the writ of *habeas corpus* rather than to require him to pursue his more dilatory remedy by appeal.

PROCEEDING on Habeas Corpus to secure release of petitioner on the ground of lack of jurisdiction. Writ discharged.

The facts are stated in the opinion of the court.

A. G. Bailey, Alfred S. Ormsby and E. B. Taylor for Petitioner.

U. S. Webb, Attorney-General, J. Chas. Jones, Deputy Attorney-General, and C. C. McDonald, District Attorney, for Respondent.

HART, J.—The petitioner was convicted in the superior court of the county of Yolo of the crime of forgery, the information (made a part of the petition for the writ) under which he was so convicted alleging that he raised a check issued to him by one Jessa Dunsmore on the First National Bank of Woodland, at Woodland, Yolo County, from the sum of sixty-five cents, for which the check was originally drawn, to the sum of sixty-five dollars. The information further alleged that the defendant passed said check on the Bank of Martinez, at Martinez, Contra Costa County, and that said bank cashed said check by paying to defendant the sum of sixty-five dollars, the ostensible value thereof.

This application of petitioner for a writ of *habeas corpus* is based upon the contention that the jurisdiction of the alleged offense is solely in the superior court of Contra Costa County, and that, therefore, his conviction of the offense in the superior court of Yolo County is *coram non judice* and void.

At the hearing of this petition, among other contentions advanced by the district attorney of Yolo County in resistance to the petition, it was maintained that the petition here would not lie for the reason that there was available to the petitioner an adequate remedy in the ordinary course of law—that is, by appeal.

It was admitted by counsel for the petitioner at the hearing hereof that an appeal had been taken to this court in the latter's behalf from the judgment of conviction of which

he here complains. It was further stated by counsel that, after the issuance of this writ by this court, and before the hearing of this application, the petitioner was admitted to bail by the superior court of Yolo County; that he furnished the required bail, was thereupon discharged from custody, and was, at the time of the hearing of this petition, at liberty; and, we may assume, that he is still at liberty.

[1] The courts of this state have never made a practice of releasing persons convicted of felonies through the writ of *habeas corpus* in the absence of a clear and unquestionable showing upon the face of the record of the case that the court in which the conviction was had was wholly without jurisdiction to try the accused for the offense charged and of which he had been convicted. If, upon the face of the record of conviction, it plainly or undebatably appears that there was a lack of jurisdiction to try the accused, then there would be no serious objection to releasing the accused through the writ here applied for rather than to require him to pursue his more dilatory remedy by appeal.

In this proceeding there has been submitted for solution a legal proposition of more than ordinary importance, and, while it is true that it could as easily be determined in this proceeding as in a proceeding by way of appeal, yet, after giving the matter due consideration, we have reached the conclusion that, all the circumstances considered, the decision of the question on the appeal which is now pending is preferable to a decision thereof here. Frankly we may say that we have not so considered the merits of this application as to enable us to satisfy ourselves one way or the other upon the question presented, but, as one reason for preferring to pass a definite opinion thereon on the appeal now pending, we may suggest that should we in the latter case be persuaded to the conclusion that the petitioner's claim for release is meritorious or of legal force, the people could, nevertheless, pursue their position to the supreme court, which they could not do in the case of the release of the prisoner under the writ. Moreover, in discharging this writ, we do so knowing that the petitioner can in no way be prejudiced thereby, since he not only has an adequate remedy by appeal but is prosecuting that remedy. Besides, he is not under restraint of his personal liberty,

and perhaps will not be under such restraint pending the determination of his case by appeal.

For the reasons given the writ is discharged.

Burnett, J., and Finch, P. J., concurred.