Filed 10/25/13  P. v. Garcia CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038578 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F1140758) |
| v. | |
| PHILIP MICHAEL GARCIA, | |
| Defendant and Appellant. | |

Defendant Philip Michael Garcia appeals from the trial court's order modifying his probation conditions.  He argues that the modification exceeded the court's jurisdiction because it was based on the same facts as the original probation order.  He argues alternatively that the court must modify its minute order to conform to its oral pronouncement, and that the added "stay away from school campuses" condition is unconstitutionally vague and overbroad.

For the reasons explained below, we will uphold the trial court's jurisdiction to modify Garcia's probation conditions.  We conclude, however, that the "stay away from school campuses" condition is impermissibly vague, and we will modify the condition to specify a 50 foot distance consistent with the parties' agreement on appeal.

### I.  BACKGROUND

On November 19, 2011, defendant was arrested during a traffic stop in Gilroy for carrying a concealed firearm in a vehicle (Pen. Code, § 12025, subd. (a)(1)), possessing a firearm as a misdemeanant (Pen. Code, § 12021, subd. (c)(1)), and giving a false name to

a peace officer (Pen. Code, § 148.9). According to the police report, the arresting officer noted Garcia's tattoos during the booking process, at which time Garcia admitted to associating with a Norteño street gang in San Jose.

Garcia entered no contest pleas to the concealed weapon and false information charges. On January 30, 2012 he was placed on three years formal probation, and was ordered to serve six months in county jail. The court imposed several probation conditions which did not include gang-related proscriptions.

Garcia reported to the probation department one week after he was released from jail. His cell phone and car were searched at that time. According to the probation officer's memorandum recommending modifications to Garcia's probation conditions, the cell phone contained gang-related photos, including a red "N" indicating Norteño gang affiliation. His phone also contained a video of two men punching another man, and a video of a badly injured man with a bloody face. Garcia's phone password, which Garcia claimed not to know, was a swipe pattern of the letter "N." Garcia told the probation officer that he did not take the photos or videos, that they were sent to him in November 2011, that he had not engaged in gang activity since his release from jail, and that he no longer wanted to associate with gang members or participate in gang activities.

Based on the examination of Garcia's cell phone, and in light of his concealed firearm offense, the probation officer recommended that Garcia's probation conditions be modified to include gang conditions and drug testing orders.[1] The probation officer explained that he sought the additional conditions to better supervise Garcia and protect the community.

On July 12, 2012, at a probation modification hearing attended by Garcia and his counsel, the court granted the probation department's modification request. Garcia

_____

[1] The drug testing order was based on intoxicants found during the probation officer's search of Garcia's car. The testing order is not challenged on appeal.

argued that the proposed conditions should not be added because not only was Garcia doing well on probation, the probation department had not shown that Garcia was presently associating with gang members, or violating the law or his current probation conditions. The court disagreed, noting that Garcia's cell phone provided evidence of gang activity and that the additional conditions were appropriate to assure Garcia would dissociate himself from the gang and to facilitate the probation department doing its job. The court read the new gang conditions into the record at the hearing, and entered a minute order which included an abbreviated form version of the conditions that had been pronounced on the record.

Garcia filed a timely notice of appeal.

## II. DISCUSSION

### A. THE TRIAL COURT HAD JURISDICTION TO MODIFY GARCIA'S PROBATION

Penal Code section 1203.3, subdivision (a), authorizes a court to revoke or modify its probation orders "at any time during the term of probation . . . ." In *People v. Cookson* (1991) 54 Cal.3d 1091, 1098, our Supreme Court held that a trial court does not need to wait for a probationer to violate probation before it may modify the probation conditions. This rule is consistent with the flexibility needed to achieve the rehabilitative goals of probation. (*Ibid.*) However, because an order modifying probation conditions requires a factual basis, it cannot be based on the same facts supporting the original order granting probation. (*In re Clark* (1959) 51 Cal.2d 838, 840.) Thus, "[a] change in circumstance is required before a court has jurisdiction to extend or otherwise modify probation." (*Cookson*, *supra*, 54 Cal.3d at p. 1095.) A change in circumstance may be found in a fact not available at the time of the original order. (*Ibid.*)

Garcia argues the trial court lacked jurisdiction to modify his probation conditions because no change in circumstances occurred between the initial imposition of conditions in January 2012 and the modification hearing in July 2012. According to Garcia, the

court modified his probation conditions based on his affiliation with the Norteño gang - a fact that was known or available to the court at Garcia's initial sentencing through the arresting officer's report that was part of the court file.[2] We review this issue de novo because when facts are not in dispute, the effect or legal significance of those facts is a question of law. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799).

While the trial court may have had knowledge in January 2012 that Garcia was affiliated with the Norteño gang, it did not base its modification on the police report already in the court file. Rather, the court was presented with new facts at the modification hearing not available at the original sentencing. They included images, some violent, from Garcia's cell phone, further demonstrating his association with the Norteño gang. Even if Garcia renounced his gang association to the probation officer, the images were recent and disturbing and clearly provided a legal basis for imposing the new gang terms. (*People v. Lent* (1975) 15 Cal.3d 481, 486, superceded by Proposition 8 on another ground as noted in *People v. Wheeler* (1992) 4 Cal.4th 284, 290–292 ["A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]".].)

We conclude that the trial court had jurisdiction to modify Garcia's probation conditions based on new information obtained from the probation officer's search of Garcia's cell phone.

---

[2] On September 18, 2012, we granted Garcia's motion to augment the record with the police report in this case, obtained from the Superior Court file. The stamp on the report indicates that it was released to the court on November 20, 2011.

**B.** **THE COURT'S ORAL PRONOUNCEMENT OF PROBATION CONDITIONS CONTROLS OVER THE LESS DETAILED MINUTE ORDER**

Garcia contends that the "Gang Orders" conditions set forth in a form attachment to the July 12 minute order are unconstitutionally vague and overbroad, and therefore must be modified to conform with the court's more detailed oral pronouncement of gang conditions. It is well established that the court's oral pronouncement of a sentence controls over the clerk's minute order. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) Thus, by operation of law, the clerk's minute order does not control here, and we need not examine it for constitutional infirmity. The court's oral pronouncement itself is a valid order. (*People v. Wilshire Ins. Co*. (1977) 67 Cal.App.3d 521, 535.) However, because we will modify the "stay away from school campuses" condition as discussed below, we will direct the superior court to conform the July 12 minute order to reflect both our modification and the trial court's oral pronouncement of its "Gang Orders."

**C.** **THE "STAY AWAY FROM SCHOOL CAMPUSES" CONDITION IS VAGUE**

Garcia argues that the gang condition prohibiting him from being "adjacent to" any school campus during school hours unless enrolled or with permission of school officials or the probation department is both vague and overbroad. Although Garcia did not object to the challenged condition in the trial court, his contention is cognizable on appeal because it raises a constitutional challenge involving a question of law that requires no reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887–889.) We review such challenges de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Garcia relies on *People v. Barajas* (2011) 198 Cal.App.4th 748, 761, where this court concluded that the phrase "adjacent to" in a nearly identical probation condition rendered the condition impermissibly vague. "At a sufficient distance, most reasonable people would agree that items are no longer adjacent, but where to draw the line in the continuum from adjacent to distant is subject to the interpretation of every individual

probation officer charged with enforcing th[e] condition." (*Ibid.*) "To avoid inviting arbitrary enforcement and to provide fair warning of what locations should be avoided," *Barajas* accepted the Attorney General's proposal that the probation condition be modified to replace "adjacent to" with "on or within 50 feet" of any school campus. (*Id.*, at pp. 761–762.)

In accordance with *Barajas*, we conclude that the phrase "adjacent to" renders the probation condition impermissibly vague.[3] We emphasize that *Barajas* specifically refuted any intention that 50 feet be a constitutional threshold. (*Barajas, supra,* 198 Cal.App.4th at p. 761, fn. 10). Nevertheless, because both parties accept the 50 foot distance applied in *Barajas*, we will adopt the same modification here and conserve the judicial resources which would otherwise be expended in modifying the condition on remand. The trial court is in the better position to address any fact-based aspects of specifying a stay away distance, and it retains the ability to do so as it deems necessary under Penal Code section 1203.3.

### III.  DISPOSITION

The school stay away condition is modified to state:  "You are not to be on or within 50 feet of any school campus during school hours, unless you are enrolled or have prior permission of the school administration or probation." As modified, the challenged order adding probation conditions is affirmed. The superior court is directed to amend the July 12, 2012 minute order to conform the language of the "Gang Orders" to the trial court's oral pronouncement, as modified here.

---

[3] We reject Garcia's argument that the condition is overbroad. *Barajas* did not hold that a similarly phrased condition was overbroad; other than citing *Barajas*, Garcia presents no argument demonstrating overbreadth.

_____

Grover, J.

**WE CONCUR:**

_____

Premo, Acting P.J.

_____

Mihara, J.