Filed 1/21/16  P. v. Gillespie CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND JOEL GILLESPIE,<br><br>　　　　Defendant and Appellant. | A142874<br><br>(Sonoma County<br>Super. Ct. No. PRS-100246) |

Defendant Raymond Joel Gillespie appeals from an order modifying the terms and conditions of his postrelease community supervision (postrelease supervision).[1] He contends the trial court acted in excess of its jurisdiction and in violation of his due process rights when it modified the conditions of his postrelease supervision without notice or a sufficient factual basis. We find no error and therefore shall affirm.

---

[1] Postrelease supervision "was established as an element of the Criminal Justice Realignment Act of 2011 (enacted by Stats. 2011, ch. 15, §§ 1, 450, amended by Stats. 2011, ch. 361, § 6.7 and Stats. 2012, ch. 43, § 27). . . . Under [Penal Code] section 3451, low-level offenders serving a prison term who are released from prison 'shall, upon release from prison and for a period not exceeding three years immediately following release, be subject to community supervision provided by a county agency designated by each county's board of supervisors which is consistent with evidence-based practices, including, but not limited to, supervision policies, procedures, programs, and practices demonstrated by scientific research to reduce recidivism among individuals under postrelease supervision.' " (*People v. Jones* (2014) 231 Cal.App.4th 1257, 1266.)

1

**Background**

On July 18, 2013, upon his release from the custody of the California Department of Corrections and Rehabilitation after serving time for weapons-related convictions, defendant was placed, with various terms and conditions, on postrelease supervision. Defendant's postrelease supervision expires in August 2016.

On April 15, 2014, the probation department filed a petition to revoke defendant's postrelease supervision status on the ground he had violated one of his postrelease supervision conditions—"Be of good conduct and obey all laws"—by violating Penal Code[2] section 273d, subdivision (a), cruel and inhuman corporal punishment. The petition alleged the following facts: "On 4/12/14, Mr. Gillespie was arrested by the Sonoma County Sheriff's Department (SCSO #140412-022) for violating sections 273d(a)PC and 3452PC. According to the incident report, the sheriff's department responded to a call indicating that the defendant had hit a small boy and then locked him out of the residence naked. After deputies contacted the defendant at the residence and talked to all involved parties, the defendant was arrested and booked into custody. It should be noted that the report states that the defendant may have forced the boy's face into fecal matter and the boy had a swollen red mark on his chest." Defendant's postrelease supervision was summarily revoked by the court upon the filing of the petition.

On the same day, the district attorney filed a new felony complaint based on the same incident charging defendant with inflicting cruel and inhuman corporal punishment on a child (§ 273d, subd. (a)).

On May 14, 2014, defendant pled guilty in the new case to one count of misdemeanor child endangerment (§ 273a, subd. (b)) and the court placed him on probation for four years. As a condition of probation defendant was ordered to serve six months in county jail. As further conditions defendant was ordered to complete a 52-week parenting/anger management class and to not have any contact with the victim.

_____

[2] All statutory references are to the Penal Code.

At the same hearing, the court found the alleged postrelease supervision violation true and reinstated postrelease supervision with the condition that defendant serve 180 days in jail, the term to run concurrently with the six-month jail term in the child endangerment case.

On July 18, 2014, the parties returned to court in the child endangerment case to consider defendant's request that the no-contact order with the victim be modified to allow "peaceful contact" between defendant and the child. Defendant was requesting the modification because he intended to marry the minor's mother the following week and the married couple wished to live together with the child.

The prosecution objected to the modification of the no-contact order and informed the court that the probation department had a request regarding defendant's postrelease supervision. The probation officer acknowledged that defendant's postrelease supervision case had not been noticed for hearing that day but asked "to orally petition the court" to modify the terms of his postrelease supervision by adding a peaceful contact order and a requirement that he complete the parenting classes.[3] Because defendant was then entitled to demand the termination of his probation in the child endangerment case, as all parties recognized (although defendant insisted he had no intention of doing so), the probation officer explained that modifying the terms of postrelease supervision would allow the probation department to "assist the court in enforcing those rules." Defendant opposed the modification of his postrelease supervision, arguing that it was too late to impose additional conditions of his postrelease supervision based on the child endangerment incident, and that there were no new facts or circumstances to justify modification of his postrelease supervision at the time of the hearing.

The court modified the conditions of probation in the child endangerment case to allow peaceful contact with the minor. Over defense counsel's objection, the court also modified the terms and conditions of his postrelease supervision to require peaceful

_____

[3] The record contains a written request for modification of postrelease supervision that was file stamped on July 18. The transcript of the hearing does not indicate whether the document was filed before or after the hearing.

contact with the minor and completion of a 52-week parenting class. The court invited defendant to file a brief supporting his objections to modification of the postrelease supervision conditions, which the court stated it would consider, but the modification became effective immediately. No further briefing was filed in the trial court.

Defendant timely filed a notice of appeal.

## Discussion

Initially, we reject the Attorney General's contention that defendant forfeited his objections to modification of his postrelease supervision because following the July 18 hearing he failed to file a brief supporting his objections, as the court invited him to do. However, the trial court did not withhold entry of its order pending submission of a brief but entered an order that became immediately effective. Defendant was not obligated to seek reconsideration of the order before filing his appeal, and he did not forfeit his objections by failing to do so.

Section 3453 sets forth the statutory conditions of postrelease supervision applicable to all offenders, including the condition that the offender inform probation of "any pending or anticipated changes in residence" and "participate in rehabilitation programming as recommended by the supervising county agency." Under section 3454, subdivision (a), "Each supervising county agency . . . shall establish a review process for assessing and refining a person's program of postrelease supervision. Any additional postrelease supervision conditions shall be reasonably related to the underlying offense for which the offender spent time in prison, or to the offender's risk of recidivism, and the offender's criminal history, and be otherwise consistent with law." Under subdivision (b) of section 3454, "Each county agency responsible for postrelease supervision . . . may determine additional appropriate conditions of supervision . . . , order the provision of appropriate rehabilitation and treatment services, determine appropriate incentives, and determine and order appropriate responses to alleged violations, which can include, but shall not be limited to, immediate, structured, and intermediate sanctions up to and including referral to a reentry court pursuant to Section 3015, or flash incarceration in a city or county jail. Periods of flash incarceration are encouraged as one method of

4

punishment for violations of an offender's condition of postrelease supervision." Under section 3455, subdivision (a), "If the supervising county agency has determined, following application of its assessment processes, that intermediate sanctions as authorized in subdivision (b) of Section 3454 are not appropriate, the supervising county agency shall petition the court pursuant to Section 1203.2 to revoke, modify, or terminate postrelease community supervision."

These statutory provisions necessarily imply that the "assessment process" conducted by the probation department to determine the need for intermediate sanctions, additional conditions, or incentives is ongoing and not limited, as defendant suggests, to the time defendant is initially placed on postrelease supervision. It is anticipated that such steps shall be taken by the probation department prior to involving the court in defendant's supervision with the filing of a petition under section 1203.2.

Here, the additional conditions requested by the probation department could properly have been imposed as part of the process of "assessing and refining" the terms of defendant's postrelease supervision. Although not related to the weapons violations for which defendant was imprisoned and then placed on postrelease supervision, both of the additional conditions are related to defendant's subsequent criminal conduct and intended to encourage rehabilitation and prevent recidivism. As indicated above, additional postrelease supervision conditions may be reasonably related not only to the underlying offense for which the offender spent time in prison, but also "to the offender's risk of recidivism, and the offender's criminal history," so long as they are "otherwise consistent with law." (§ 3454, subd. (a).) The requirement that defendant complete a parenting class is consistent with the statutory authorization for the probation department to determine and order "appropriate rehabilitation and treatment services." (§ 3454, subd. (b).) The requirement that defendant engage in only peaceful contact with the minor is an appropriate additional condition of his supervision.

Contrary to defendant's argument, he was not deprived of notice of the modification. Although written notice is required under section 1203.2 when a petition is filed for revocation or modification of probation by the court, section 3454 does not

impose any specific notice requirement prior to imposition of intermediate sanctions or additional conditions by the probation department. Section 3453 requires only that defendant "be informed of the conditions" of his postrelease supervision. (See also § 3453, subdivision (q) [Statutory conditions of postrelease supervision include that "[t]he person shall waive any right to a court hearing prior to the imposition of a period of 'flash incarceration.' "].) Indeed, even under section 1203.2, notice of the petition to modify probation "may be given to the supervised person upon his or her first court appearance in the proceeding." (§ 1203.2, subd. (b)(2).) Since defendant was advised at the hearing of the requested modification and was given an opportunity to argue against those changes, we see no possible prejudicial error. Although articulated as a court order modifying the postrelease supervision conditions, the court in effect did no more than approve conditions that the probation officer was authorized to impose without court intervention.

Likewise, contrary to defendant's argument, the probation department established a sufficient factual basis for the imposition of the additional conditions. As defendant notes, "[a] change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation" under section 1203.2, subdivision (b). (*People v. Cookson* (1991) 54 Cal. 3d 1091, 1095; *In re Clark* (1959) 51 Cal.2d 838, 840 ["An order modifying the terms of probation based upon the same facts as the original order granting probation is in excess of the jurisdiction of the court, for the reason that there is no factual basis to support it."].) Assuming (without deciding) that changed factual circumstances also are required to justify imposition of intermediate sanctions, additional conditions, or incentives under section 3454, the record establishes a sufficient basis for the modifications approved by the court. Subsequent to imposition of the initial postrelease supervision conditions defendant had committed the child endangerment offense, giving rise to the appropriateness of the additional postrelease supervision conditions. Although these additional conditions were not imposed on May 14, 2014, when defendant was committed to a concurrent 180-day jail term for the postrelease supervision violation, nothing in section 3454 requires that the additional conditions be imposed at that point.

6

Moreover, defendant's family and living conditions were about to change and the probation department was concerned that if defendant terminated his probation in the child endangerment case, it would have no means to monitor his proper treatment of the minor after the upcoming wedding. These relatively minor modifications are precisely the type of assessment and refinement contemplated by the statute.

**Disposition**

The order is affirmed.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.

7