Filed 5/26/16  P. v. Bazaluda CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESUS BAZALUDA,<br><br>    Defendant and Appellant. | H042046<br>(Monterey County<br>Super. Ct. No. SS141136) |

Defendant Jesus Bazaldua appeals from an order reinstating probation.  On appeal, defendant contends that the trial court erred in imposing gang-related probation conditions that were not imposed with the original grant of probation.  As set forth below, we affirm.

### STATEMENT OF THE CASE

An information, filed on May 19, 2014, charged defendant with the following offenses:  furnishing marijuana to a minor over the age of 14 (Health and Saf. Code, § 11361, subd. (b); count 1), possession of marijuana for sale (Health and Saf. Code, § 11359; count 2), possession of heroin (Health and Saf. Code, § 11350, subd. (a); count 3), and possession of controlled substance paraphernalia (former Health and Saf. Code, § 11364.1, subd. (a); count 4).

On June 18, 2014, defendant pleaded no contest to count 1, furnishing marijuana to a minor over the age of 14 (Health and Saf. Code, § 11361, subd. (b)).  At the

sentencing hearing on July 25, 2014, the trial court suspended imposition of sentence and placed defendant on probation for a period of three years. On the motion of the prosecutor, the remaining charges in the information were dismissed.

On January 12, 2015, the district attorney filed a notice of violation of probation, which alleged that defendant violated the terms of his probation by using illegal drugs and possessing drug paraphernalia. Defendant admitted the probation violation on January 23, 2015.

At a hearing on March 4, 2015, the trial court revoked defendant's probation. The trial court reinstated probation on the original terms and conditions, but with the addition of gang-related conditions. Pursuant to the gang-related probation conditions, defendant is prohibited from associating with gang members, visiting or remaining in areas where gangs gather, possessing or wearing items affiliated with a gang, and attending criminal court proceedings where gang members are present.

Defendant now appeals from the order reinstating probation.

## STATEMENT OF THE FACTS[1]

### *The Underlying Offense*

On the afternoon of May 6, 2014, defendant attempted to sell marijuana to students at Monterey High School. Students reported defendant's conduct. A police officer searched defendant and found marijuana, heroin, and drug paraphernalia in defendant's shorts. Officers found $740, a scale, and more drug paraphernalia in defendant's car. After he was arrested, defendant told an officer that he was a heroin addict. Defendant said that he attempted to sell the marijuana in order to support his family and his drug habit.

---

[1] The facts are derived from the probation report and the supplemental probation report.

*The Probation Violation*

As part of a probation compliance check, police officers searched defendant's home on January 10, 2015. The officers found drug-smoking paraphernalia during the search, and defendant admitted that he had used heroin earlier in the day. Officers found a red beanie on defendant's nightstand, and they noticed that defendant was wearing red shoes and a red and black basketball jersey. They questioned defendant about the red clothing, and defendant denied any involvement with the Norteno gang. However, he told the officers that if arrested he would have to be housed in K-Pod, the section of the jail reserved for active Norteno gang members. Defendant additionally stated that "he would not want to say he was a dropout because he would have to face retribution by the gang in the future."

A drug test revealed that defendant had used heroin and methamphetamine. Defendant was arrested. During his classification interview at the jail, defendant admitted that he was an active Norteno gang member. He was subsequently housed at the jail with active Norteno gang members.

## DISCUSSION

Defendant urges this court to strike the gang-related probation conditions. He first asserts that the trial court lacked jurisdiction to impose the gang-related conditions because there was no change of circumstances justifying the conditions. He additionally asserts that the gang-related conditions constitute an abuse of discretion under the test articulated in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). As explained below, we must affirm.[2]

---

[2] The Attorney General contends that defendant forfeited his appellate challenge to the gang-related conditions because defense counsel failed to adequately object below. Defendant asserts that, if defense counsel's objections were inadequate to preserve his challenge to the gang-related conditions, he received ineffective assistance of counsel.

3

## Background

The supplemental probation report, dated February 13, 2015, recommended that the trial court reinstate defendant's probation with the addition of gang-related probation conditions. The probation report explained the necessity of gang-related conditions: "Along with this situation is the fact that gang attire was on the defendant and on a nightstand. The defendant is an admitted Norteno Gang member, and currently housed in K-pod. The defendant has a brother who also is an admitted gang member. Even though this offense does not involve gang activity, according to law enforcement Intel, the defendant is an active gang member. This officer is requesting gang terms and conditions to protect the community from the current gang activities. Also to assist law enforcement and probation to better monitor the defendant and his possible illegal street activities."

At the hearing on March 4, 2015, defense counsel objected to the imposition of gang-related probation conditions. Defense counsel argued that defendant's admission of gang membership during the jail's classification interview pertained only to "a housing issue" and was not "an admission in the way that probation is asking that it be considered." Defense counsel explained that defendant had previously been housed with gang members at the jail, and he asserted that defendant admitted gang membership to avoid danger associated with changing housing. Defense counsel additionally argued that there was "no nexus" between the gang-related conditions and the underlying offense. Following defense counsel's arguments, the trial court imposed the gang-related probation conditions. The trial court explained: "The Court does find that gang terms and conditions are clearly appropriate in this case based upon the information contained in the [supplemental] probation report."

---

Given that we can easily resolve defendant's claims on the merits, we will not address the issues of forfeiture and ineffective assistance of counsel.

4

***The Trial Court had Jurisdiction to Impose the Gang-Related Probation Conditions***

Defendant contends that the trial court lacked jurisdiction to impose the gang-related probation conditions because he "had been housed with gang members[] when probation was originally granted" and there thus had not been a "change of circumstances" to justify the gang-related conditions. Defendant cites *People v. Leiva* (2013) 56 Cal.4th 498 (*Leiva*), *People v. Cookson* (1991) 54 Cal.3d 1091 (*Cookson*), and *In re Clark* (1959) 51 Cal.2d 838 (*Clark*) for the proposition that a change in circumstances was required for the trial court to impose the gang-related conditions here.

In *Leiva,* the California Supreme Court explained: " 'A change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation.' " (*Leiva, supra,* 56 Cal.4th at p. 505.) In *Cookson*, the California Supreme Court cited *Clark* and explained: "As we held in *In re Clark* (1959) 51 Cal.2d 838, 'An order modifying the terms of probation based upon the same facts as the original order granting probation is in excess of the jurisdiction of the court, for the reason that there is no factual basis to support it.' " (*Cookson, supra,* 54 Cal.3d at p. 1095, italics omitted.) Like *Leiva, Cookson* noted that "[a] change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation." (*Cookson, supra,* at p. 1095.)

Defendant's reliance on *Leiva*, *Cookson*, and *Clark* is unavailing. Those cases require a change in circumstances before the trial court has jurisdiction to extend or modify probation. Here, the trial court did not extend or modify probation. Rather, following defendant's probation violation, the trial court revoked defendant's probation. The trial court then reinstated defendant's probation, with the addition of the gang-related conditions. *Leiva*, *Cookson*, and *Clark* did not hold that a change in circumstances is necessary to impose new probation conditions following the revocation and reinstatement of probation. Defendant has thus failed to show that a change in circumstances was necessary for the imposition of the gang-related probation conditions in his case, and we

cannot conclude that the trial court lacked jurisdiction to impose the gang-related conditions.

Moreover, even if we construed the imposition of the gang-related conditions as a modification of defendant's original grant of probation, we would still conclude that the trial court had jurisdiction to impose the gang-related conditions. Penal Code section 1203.1 provides that, if a probationer violates any of the terms and conditions of his probation, the trial court "shall have authority to modify and change any and all the terms and conditions." (Pen. Code, § 1203.1, subd. (j).) As *Cookson* noted, Penal Code section 1203.1 "vests the court with jurisdiction to modify probation if there is a violation thereof." (*Cookson, supra,* 54 Cal.3d at p. 1098.) Given defendant's probation violation, Penal Code section 1203.1 vested the trial court with jurisdiction to modify defendant's probation and add the gang-related conditions, regardless of whether or not other changed circumstances were present. Defendant cannot show that the trial court lacked jurisdiction to impose the gang-related conditions.

***The Trial Court Did Not Abuse its Discretion in Imposing the Gang-Related Probation Conditions***

"The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) Penal Code section 1203.1 authorizes a sentencing court to impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (Pen. Code, § 1203.1, subd. (j).)

"We review conditions of probation for abuse of discretion." (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) In *Lent,* the California Supreme Court articulated

6

the following test to determine whether a probation condition constitutes an abuse of discretion: "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*Lent, supra,* 15 Cal.3d at p. 486.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*Olguin, supra,* 45 Cal.4th at p. 379.) "As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Id.* at pp. 379-380.)

Contrary to defendant's assertion, the imposition of the gang-related probation conditions here was not an abuse of discretion under the *Lent* test. The trial court imposed the gang-related conditions based upon the information in the supplemental probation report, and the supplemental probation report contained ample facts demonstrating that the gang-related conditions were reasonably related to preventing future criminality. The supplemental probation report contained the following facts: defendant admitted membership in the Norteno gang; according to law enforcement intelligence, defendant was an active gang member; and at the time of the probation compliance search, defendant wore and possessed red "gang attire." Given these facts showing defendant's gang membership, the trial court properly concluded that the gang-related probation conditions could help prevent future criminality. Indeed, "disassociation from gang-connected activities [is] an essential element of any probationary effort at rehabilitation" because it insulates an admitted gang member such as defendant from "a source of temptation to continue to pursue a criminal lifestyle." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 626.) We cannot conclude that the trial court abused its discretion in imposing the gang-related probation conditions. (See

7

generally *id.* at pp. 624-626 [gang-related probation condition for an admitted gang member was valid because the condition was reasonably related to preventing future criminality].)

Defendant asserts that the gang-related probation conditions must be deemed invalid because his " 'admission' to being an active gang member during jail classifications . . . appears to have been more of an attempt to avoid retribution for being a gang dropout rather than a bona fide admission to gang membership." Defendant's argument is not persuasive. The trial court was not obligated to accept defendant's interpretation of his admission of gang membership. Moreover, other facts, other than defendant's admission of gang membership, showed that defendant was a gang member. As stated in the supplemental probation report, defendant wore and possessed gang-related clothing at the time of the probation compliance search, and law enforcement intelligence revealed that defendant was an active gang member. Defendant has failed to show that the trial court abused its discretion in imposing the gang-related probation conditions.

In sum, because the gang-related related probation conditions are reasonably related to preventing future criminality, they do not constitute an abuse of discretion under the *Lent* test. The trial court did not err in imposing the gang-related probation conditions.

## DISPOSITION

The judgment is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

MÁRQUEZ, J.

*People v. Bazaldua*
**H042046**

9