Filed 1/8/24  P. . Contreras CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LUIS JERRY CONTRERAS, <br><br> Defendant and Appellant. | D083003 <br><br><br> (Super. Ct. No. FVI23000975) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Michael A. Dauber, Judge.  Affirmed as modified.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

After the trial court sentenced Luis Jerry Contreras, a probation officer asked to add another probation condition not originally imposed.  Contreras challenges that new condition, arguing the trial court lacked jurisdiction to

modify probation absent a change in circumstances. We agree, so we strike that new probation condition and affirm the judgment as modified. As we resolve this case by memorandum opinion, we do not elaborate on the factual or procedural background beyond what is required for our analysis. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

I.

Contreras pleaded no contest to violating Vehicle Code section 23153, subdivision (a), for causing injury while driving under the influence of alcohol. Contreras then waived his right to obtain a probation report before judgment, instead requesting immediate sentencing.

The trial court sentenced Contreras to three years of formal probation subject to certain terms and conditions. Those conditions included (1) completing a four-month alcohol education program; (2) not driving "with any measurable amount of alcohol" in his system; and (3) if arrested for driving under the influence during probation, submitting to a chemical analysis. The trial court did not impose a no-alcohol condition, which would have prohibited Contreras from "possess[ing] [ ]or consum[ing] any alcoholic beverages" or "enter[ing] places where such beverages are the chief item of sale, such as bars and liquor stores," and required him to "submit to tests" as directed by his probation officer.

Several weeks later, the probation officer recommended the trial court add the no-alcohol condition to Contreras' probation. The probation officer did not cite any new facts prompting this change. Rather, he observed only that the original sentence did not include this condition. In the probation officer's opinion, the no-alcohol condition was appropriate "for the safety of

the community and to avoid the risk of recidivism," "vital" to Contreras' rehabilitation, and "necessary to ensure" compliance.

A different judicial officer ruled on this request and, over defense counsel's objection, modified Contreras' probation to add the no-alcohol condition. The trial court cited no change in circumstances but "believe[d] that it ha[d] the power" to add a condition "related to the offense charged."

## II.

Contreras argues the trial court exceeded its jurisdiction because no new facts or changed circumstances warranted modifying his probation. We agree.

"A change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation." (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095.) As a result, a court cannot modify probation based on the same facts as the original order. (*Ibid.*)

Here, we are not persuaded by the People's claim, unsupported by analogous legal authority, that the probation officer's "observation . . . constituted a change in circumstances." To the contrary, under similar circumstances, our Supreme Court held that a trial court was "without jurisdiction" to extend probation upon a probation officer's request. (*In re Clark* (1959) 51 Cal.2d 838, 840.) The Supreme Court concluded that "no factual basis" supported the change because the order modifying probation was "based upon the same facts as the original order." (*Ibid.*) So too here. In the weeks following Contreras' sentencing, no new *facts* arose; only the probation officer's *opinion* was new. Under *In re Clark*, that opinion does not give the trial court jurisdiction to modify probation. As a result, the trial court exceeded its jurisdiction by adding the no-alcohol condition to Contreras' probation.

### III.

We modify the judgment by striking the no-alcohol probation condition. We affirm the judgment as modified.

CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.