Filed 10/25/24

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

CHARLES BERT ROGERS,

    Defendant and Appellant.

E082263

(Super.Ct.No. FVI23001203)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Shannon Faherty, Judge.  Affirmed as modified.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Pursuant to a plea agreement, defendant and appellant Charles Rogers pled guilty to inflicting corporal injury resulting in a traumatic condition. (Pen. Code[1], § 273.5, subd. (f)(1).) The trial court placed him on felony probation for a period of three years, under specified conditions. He subsequently requested that his case be transferred from the Riverside County to San Bernardino County, where he resided. The San Bernardino County Probation Department filed a report recommending the imposition of additional drug and alcohol-related probation conditions. At the transfer hearing, the San Bernardino court added the recommended conditions.

On appeal, defendant contends: (1) the court lacked jurisdiction to modify his probations conditions absent a change of circumstances; and (2) the added probation conditions are invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). We agree the court lacked jurisdiction to modify defendant's probation and strike the added conditions.

PROCEDURAL BACKGROUND

The Riverside County District Attorney charged defendant, by felony complaint, with infliction of corporal injury resulting in a traumatic condition (§ 273.5, subd. (f)(1), count 1), threatening a witness (§ 140, subd. (a), count 2), and vandalism (§ 594, subd. (a), count 3).

On September 14, 2022, defendant entered a plea agreement and pled guilty to count 1. At the same time, he also pled guilty in a separate case to misdemeanor driving

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

with a suspended license due to a prior conviction of driving under the influence (DUI). (Veh. Code, § 14601.2, subd. (a).)

On October 3, 2022, the court sentenced defendant in the instant case, to 180 days in county jail with a suspended sentence of four years in prison, in accordance with the terms of the plea agreement. The court placed him on probation for a period of three years, under specified conditions. On the misdemeanor case, the court denied probation and sentenced defendant to 69 days in county jail, with credit for time served, which resulted in a terminal disposition.

On April 21, 2023, the Riverside County Probation Department (the Riverside probation department) filed a notice and motion to transfer defendant's case to San Bernardino County.

On June 23, 2023, the Riverside County Superior Court held a hearing, granted the transfer to San Bernardino County, and ordered defendant to report to the San Bernardino County Probation Department (the San Bernardino probation department, or the probation department) within 30 days. The court did not order defendant's probation conditions modified or set a further hearing for modification.

On September 18, 2023, the San Bernardino probation department filed a memorandum stating that, "[o]n June 23, 2023, the Court accepted jurisdiction over the defendant and the matter was set for a probation modification hearing for today's date [September 26, 2023]. The defendant was ordered to appear. Appropriate terms and conditions are attached for the Court's review."

3

The memorandum recommended that defendant's probation be continued in San Bernardino County, under probation conditions previously ordered in Riverside County, as well as additional conditions. The added probation conditions included the following terms (collectively, the drug and alcohol-related conditions):

"077 Attend NA/AA[2] as directed and provide proof to the Probation Officer upon request.

011A Neither use nor possess any controlled substance unless prescribed to you by a medical professional. Medical documentation is to be given to the Probation Officer.

013 Not possess any type of drug paraphernalia as defined in the H&S 11364.5(d), including but not limited to, hypodermic needles, syringes, or any device used for sniffing or ingesting.

012AA Submit to a controlled substance test at the direction of the Probation Officer, Court or any peace officer. Each test is subject to a fee, to be collected by Central Collections."

The court held a hearing on September 26, 2023. At the outset, the court appointed counsel for defendant. Defense counsel argued that "the probation department has policies that are wrong on a transfer in, many of which are inappropriate to the case." He asserted that the only circumstance that had changed was where defendant was reporting; thus, defendant should simply be directed to report to the probation office in Victorville. Defense counsel then objected to the recommended drug and alcohol-related

---

[2] Narcotics Anonymous/Alcoholics Anonymous

conditions, contending the requirements that defendant attend NA/AA (term 077), not possess any controlled substance (term 011A), and not possess drug paraphernalia (term 013), were not imposed in Riverside, and they were inappropriate in this case. As to the term requiring defendant to submit to testing (term 012AA), he argued the current offense did not involve any controlled substances; and, if there was any testing, the probation department should pay for it, rather than defendant. The court responded by stating: "The position of the Court is that I'm not going to tie the hand of probation in their supervision.· I would intend to include all of the terms that you have objected to." The People simply submitted on the matter, and the court concluded, "Then that will be the order. They will be imposed pursuant to this document."

## DISCUSSION

### The Trial Court Exceeded its Jurisdiction By Modifying Defendant's Probation Conditions Absent a Change of Circumstances

Defendant argues the court erred in modifying his probation conditions, as recommended by the probation department, without citing any change in circumstances that justified the additional terms. He specifically contends the court exceeded its jurisdiction when it added the drug and alcohol-related conditions because no new facts or changed circumstances warranted modifying his probation; thus, the conditions must be stricken. The People claim the court had jurisdiction to modify defendant's probation because his transfer to San Bernardino County constituted the requisite change of circumstances. We agree with defendant.

5

A. *Relevant Law*

At any time during the probationary period, a trial court has the authority to modify the terms of probation. (§ 1203.3, subd. (a).) However, "[a] change in circumstances is required before a court has jurisdiction to … modify probation." (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095 (*Cookson*).) As the Supreme Court held in *In re Clark* (1959) 51 Cal.2d 838 (*Clark*), "[a]n order modifying the terms of probation based upon the same facts as the original order granting probation is in *excess* of the jurisdiction of the court, for the reason that there is no factual basis to support it." (*Id.* at p. 840, italics added; *People v. Leiva* (2013) 56 Cal.4th 498, 505.) In this context, a "change in circumstance" requires "a fact 'not available at the time of the original order.'" (*Cookson, supra*, at p. 1095.) Thus, a modification order based upon the same facts as the original order is improper because "the court [has] reached a different conclusion based upon the same facts." (*People v. Mendoza* (2009) 171 Cal.App.4th 1142, 1156 (*Mendoza*).)

B. *There Was No Change of Circumstances or Factual Basis To Support the Modification*

In its report, the probation department recommended the drug and alcohol-related conditions be added, but it did not provide new facts showing a change in circumstance. Defense counsel pointed out the only circumstance that had changed was where defendant would be reporting. He then objected to the imposition of the drug and alcohol-related conditions since they were not imposed in Riverside County, and they

6

were inappropriate in this case. The court's mere response was that it was "not going to tie the hand of probation in their supervision" and it intended to include all the terms objected to. It then proceeded to order that the conditions "be imposed pursuant to this document" (i.e., the probation report). It appears the trial court ordered the conditions to be added based on its deference to the probation department. However, the court's deference to the probation department's recommendation is insufficient to justify the modification. There were no facts presented in the probation report or at the hearing that were not before the court at the original sentencing hearing. In other words, the modification order was improperly based on the same facts as the original order granting probation. (*Clark*, *supra*, 51 Cal.2d at p. 840; *Mendoza*, *supra*, 171 Cal.App.4th at p. 1156.) Because there was no change in circumstances to justify a modification, the trial court acted in excess of its jurisdiction in modifying defendant's probation conditions. (*Clark*, *supra*, 51 Cal.2d at p. 840.)

The People concede that a change in circumstances is required before a court has jurisdiction to modify probation, and they argue that the transfer of defendant's probation to San Bernardino County constituted the requisite change in circumstances. The People reason that the change in supervision of defendant's probation "was uncertain when the original Riverside County probation order occurred." The People further attempt to justify the modification by arguing that the drug and alcohol-related terms were related to defendant's rehabilitation since he pled guilty in the misdemeanor case to driving on a

7

license that had been suspended due to a prior DUI. We respectfully disagree with the People and find their claims are without merit.

In *In re Bine* (1957) 47 Cal.2d 814 (*Bine*), the lower court, on its own motion, modified the defendant's probation to vacate a fine that the court had imposed originally and to add a six-month county jail term. At the hearing to modify probation, no evidence was presented as to the defendant that was not before the court at the original probation hearing. (*Id.* at p. 816.) The California Supreme Court observed that "the [lower] court reached a different conclusion upon the same facts which were before it at the time it imposed the original terms of probation." (*Id.* at pp. 816-817.) The Supreme Court concluded that the modification order "was made in excess of the jurisdiction of the court for the reason that there was no factual basis to support it." (*Id.* at p. 818.)

Here, the supervision of defendant's probation in Riverside County was not a "fact" upon which defendant's original probation order was based. Thus, his transfer to San Bernardino County did not constitute the change in circumstances required to justify a modification of his probation conditions. Furthermore, as discussed *ante*, the San Bernardino probation department did not bring any new facts to the attention of the court when it recommended the drug and alcohol-related conditions. Thus, there was no factual basis for the court's determination that defendant's probation should be modified and the new terms imposed. (See *Bine*, *supra*, 47 Cal.2d at p. 816.) Moreover, the People's claim that the drug and alcohol-related conditions were related to defendant's rehabilitation, since he pled guilty to misdemeanor driving with a suspended license, is

8

inapposite. The misdemeanor case was a separate case, in which the sentencing court did not grant probation with terms related to defendant's suspended license conviction but rather denied probation and ordered that matter closed. Further, there was no showing that the domestic violence case that was the subject of the probationary terms was in any way related to alcohol or drug abuse. The original sentencing court did not find it necessary to impose drug and alcohol terms based upon the matters before it. Nevertheless, the receiving court modified the terms of probation with no change of circumstances and erred in doing so.

In sum, the record demonstrates the trial court lacked a factual basis to modify defendant's terms of probation. Thus, the court acted in excess of its jurisdiction in ordering the drug and alcohol-related conditions to be imposed.[3]

---

[3] In view of this conclusion, we find it unnecessary to address defendant's second argument that the conditions requiring him to attend NA/AA meetings and submit to drug testing are invalid under *Lent*, *supra*, 15 Cal.3d 481.

## DISPOSITION

The court's order of September 23, 2023 is modified by striking the drug and alcohol-related probation conditions.  The order is affirmed as modified.

CERTIFIED FOR PUBLICATION

FIELDS
                                                                                    J.


We concur:

CODRINGTON
                Acting P. J.

RAPHAEL
                        J.